LAND, J.
This is a petitory action to recover two certain squares of ground in the Third district of the city of New Orleans. The plaintiffs, 19 in number, claim said property as the legal heirs (children and grandchildren) of the late Jean Adolphe Blanc and of the late Mrs. Marie Clara Bertin, his wife, who they allege acquired said two squares of ground in 1847 by purchase from Alphonse Miltenberger. Plaintiffs sued to be recognized as owners, and to be put in possession of said property, and for an accounting for rents and revenues which the defendant may have derived therefrom for 10 years “last past,” at $480 per annum.
Defendant excepted (1) that the petition disclosed no cause of action; and (2) that the defendant had been in possession in good faith of the property under a title translative of property for more than 20 years, and she pleaded the prescription of 10 years.
The exceptions were taken up for trial. The following admission was made:
“It is admitted that the defendant in this cause is still in possession of the property in question, and has been for more than 10 years, but less than 30 years.”
It was also agreed that the trial proceed, reserving to the plaintiffs the right to produce any testimony which they might deem necessary upon the question of good faith.
No such testimony seems to have been adduced. Defendant offered evidence in support of her plea of prescription.
The record before us does not show that tne plaintiffs offered any evidence on the trial of the exceptions.
The plea of prescription was maintained, and the suit dismissed. Plaintiffs thereupon moved for a new trial on a number of grounds, one of which suggested that prescription had been suspended as to some of the plaintiffs, *38 who were minors. The judge ordered that the ease be reopened and fixed for hearing on the plea of prescription. Plaintiffs offered evidence to prove minority, and the defendant adduced evidence to prove possession in herself and author since 1879.
The court rendered judgment in favor of the defendant and against all the plaintiffs, except two minors, maintaining the plea of prescription and rejecting their demand, with costs. Plaintiffs have appealed.
Defendant’s evidence shows that William H. Wilder purchased the property in dispute from Mrs. Myra Clark Gaines in 1879, and in 1885 donated the same to the defendant, who in 1889 acquired the same property from the said donor by purchase. All the deeds were seasonably recorded, except that from Mrs. Gaines to Wilder, which was not recorded until July 9, 1902. The deed from Mrs. Gaines was a quitclaim title conveying her right, title, and interest in the property. Defendant’s evidence showed possession in her father (Wilder), and continued possession in herself since 1885.
Plaintiffs’ evidence showed that Martial and Helena Bertin were minors when this suit was instituted. These two plaintiffs appeared in their own right, and their minority was not suggested in the petition.
Counsel for plaintiffs have raised in this court a number of objections to the regularity of the proceedings below. The first is that the motion for a new trial should have been granted and refused as a whole. The court as a matter of fact ordered the case reopened and fixed for a hearing on the plea of prescription, “exclusively for the purposes expressed by the court.” The record does not show for what purposes the case was reopened; nor does it show that plaintiffs made any objections to the action of the court. In the motion for a new trial it was for the first time suggested that some of the plaintiffs were minors. As this fact had an important bearing on the question of prescription, we assume that the judge reopened the case for further evidence on the question of minority. The major plaintiffs urged no objection, and did not tender any evidence after the case was reopened. We cannot perceive how the major heirs were injured by the action of the court. The minors were not properly represented in the suit, and no valid judgment could have been rendered for or against them. Plaintiffs, for the first time, also urge in this court a number of objections to the trial of the plea of prescription, such as that the plea should have been decided on the face of the petition, that it was error to hear evidence as to defendant’s title, and not as to plaintiffs’ title, etc.
No such issues were raised in the court below. As a matter of fact, the parties agreed to try the plea, which could not have been done without evidence of title and possession on the part of the defendant. For the purposes of the trial of the plea, plaintiffs’ legal title was admitted. Plaintiffs offered no evidence, and reserved only the right to adduce evidence as to the good faith of the defendant.
On the merits of the plea, it is contended that the evidence shows an interruption as to Mrs. Herminie Bertin Hingle, who was 29 years old when the suit was filed. It is admitted that eight years, three months, and two days had run against Mrs. Hingle after she attained the age of majority, and it is argued that, as Mrs. Bertin died on June 23, 1891, prescription had run against her for only one year, six months, and twenty-seven days. The result, it is contended, is that ten years had not quite expired from the date of the defendant’s purchase in 1889 to the date of her citation in 1906. As the evidence shows possession in the defendant under the donation inter vivos from 1885 to 1889, prescription must have run against Mrs. Bertin, or her *40 husband, for four years more. As a matter of fact, the possession of the defendant and her author goes back to the year 1879.
The donation was never revoked, and was' in law, and by its terms, irrevocable. It was a title translative of property for the purposes of prescription. Rev. Civ. Code, art. 3485.' The subsequent sale of the same property by the donor to the donee was made, as shown by the evidence, to enable the donee to dispose of the property free of any claim of forced heirs. If the sale was real, there was a merger of titles.
Judgment affirmed.