(48 South. 881.)

No. 17,269.

LAMKIN v. SUCCESSION OF FILHIOL et al.

(March 1, 1909.)

1. MINORS—ACTIONS—TUTOR AD HOC—AUTHORITY TO APPOINT.

There is no law authorizing the appointment of a "tutor ad hoc" to a minor for the purpose of fixing his status and instituting as plaintiff an action against third persons. Appellant was appointed as such by the district court; but, on his bringing an action under his appointment, defendant excepted to his right to stand in judgment and to the authority of the judge to make the appointment. The court sustained the exceptions, rescinded his order, and dismissed the suit. Plaintiff has appealed.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 77.*]

2. MINORS—ACTIONS—TUTOR AD HOC—TERMINATION OF AUTHORITY.

Appellant is in error in referring to the order appointing him a tutor ad hoc as a judgment, and in seeking to apply to it the rules applicable to judgments. It was not a judgment, but a mere temporary conservatory order, which the judge had authority and the right to modify or vacate at his discretion. Appellant was at best an officer of the court. He has no vested right to his position as an officer, holding it by a fixed legal tenure. He held it at the pleasure of the judge. When, in the opinion of the latter, the necessity for his occupying the position ceased, or he became satisfied that the order had been improvidently granted, he had the right to rescind it. Appellant has no legal right to control the judge in that matter, or to question his authority in the premises. He had no legal interest in the subject-matter. He was a mere volunteer, who had tendered his services to the court.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 82.*]

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Ouachita; James Pemberton Madison, Judge.

Suit by E. T. Lamkin, tutor ad hoc of the minors, Aloysius Roland Filhiol and Nancy Ruth Filhiol, against the succession of R. M. Filhiol, deceased, and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Lamkin, Millsaps & Dawkins, for appellant. Stubbs, Russell & Theus, for appellee Filhiol.

### Statement of the Case.

NICHOLLS, J. This suit is brought by the plaintiff, styling himself "tutor ad hoc" of the minors, Aloysius Roland Filhiol and Nancy Ruth Filhiol, who are declared to be "the minor children of R. M. Filhiol, late of the parish of Ouachita."

In the petition filed by him he alleges:

"That R. M. Filhiol departed this life in the parish of Ouachita on the 18th of May, 1906, leaving a large succession, which was opened in said parish and was then being administered upon in the district court for Ouachita parish by Inez Schmidt, executrix; that said R. M. Filhiol was 58 years old at the date of his death; that his domicile was in Ouachita parish all his lifetime; that he never married; that at his death he left no surviving ascendants and no children, except the two children herein named, who were baptized and registered as his children at his instance and request in the Church of the Immaculate Conception, on Baronne street, in the city of New Orleans, as shown by the baptismal register of said church, certified and sealed copies of which are hereto annexed and made part hereof; that said R. M. Filhiol repeatedly recognized them as his children; that he treated them as his children, and supported, cared for, and administered unto them as a father, with marked affection and devotion; that H. H. Filhiol, the brother and presumptive heir of R. M. Filhiol, has judicially admitted that said R. M. Filhiol was the father of said children; that said children were recognized, baptized, and registered by said R. M.

Filhiol as his children, and as such inherited his estate; that R. M. Filhiol in three letters, written during the last month of his life and addressed to the mother of said children, declared his willingness, purpose, and intention to adopt said children by going before a notary public with the mother and executing an act of adoption, and declared that he would perfect this act of adoption in a few weeks; that said kilhiol, at the time of his death and for several weeks prior thereto, was engaged in building an addition to his residence for the avowed and expressed purpose of placing his said children therein and supporting them there;. that R. M. Filhiol was one of the parents of said children, and had the consent of their other parent, to whom he expressly agreed and promised that said children should be his forced heirs and have all the rights of adopted children, and consented and agreed to adopt them; that by virtue of said agreement and consent, which is what the law intends to secure, the adoption was completed and made effectual without any further formality or act, and said children are the forced heirs of R. M. Filhiol, and as such are entitled to be put into possession of his estate, its rents and revenues, and decreed to be the owners thereof; that H. H. Filhiol, as brother and presumptive heir of R. M. Filhiol, has taken possession of the plantations of the deceased, situated in the parish of Ouachita, and especially the 'Home Place,' at Logtown, which said decedent frequently declared orally and in writing that he wished his son Aloysius to have and inherit. But in the event the court should hold that said children are not entitled to the rights of adopted children, and should reject their rights of heirship as the children of their deceased father, petitioner pleads that all laws or statutes of the state of Louisiana which discriminate against said children or deprive them of the capacity and right to inherit from their deceased father are unconstitutional, null, and void, being in conflict with paragraph 1, § 2, art. 4, and section 1 of amendment 14 of the Constitution of the United States; that said children, as was also their deceased father, are citizens of the United States and of the state of Louisiana, and as such they are entitled to all the fundamental rights, privileges, and immunities which are given to other children by law; and that said rights cannot be abrogated, abridged, or impaired by any law or court of this state. Petitioner further avers, in the alternative, if the court should hold that said children are entitled to inherit nothing from their said father, that they are entitled to alimony as the natural children of R. M. Filhiol, whose estate amounts to the sum of $400,000; that said children are young and without any means of support and education, which should be in proportion to the value of their father's estate; that said father could have willed one-fourth of his property to the said minor children; that it was his manifest and avowed desire that his children should receive and inherit his property, and they ought, in equity and fairness, to receive alimony to the value of one-fourth of the estate of R. M. Filhiol for their education and support; that said R. M. Filhiol left an olographic will, dated January 16, 1906, in which, after making several special legacies, he made Inez Schmidt, the mother of said children, his universal legatee, thereby evincing his desire that his children should get the benefit of his estate; that said will was probated, homologated, and ordered executed, except as to the universal legacy, which was reduced to 10 per cent.; that said R. M. Filhiol left special legacies to his brother, H. H. Filhiol, and his daughters, which they have received, but no one has been recognized as heir of the property included in the universal legacy, which was set aside, and which petitioner is hereby claiming for the children of the deceased.

"In view of the premises, petitioner prays that the succession of R. M. Filhiol may be cited, through Inez Schmidt, and that Hardy H. Filhiol be also cited to appear and answer hereto; that on final trial there be judgment decreeing the said children, Aloysius Roland Filhiol and Nancy Ruth Filhiol, to be the true and lawful residuary heirs of Roland M. Filhiol, deceased, and as such that they may be decreed to be the owners and inheritors of his entire succession, subject to special legacies of his will, and all legal costs and charges against same, and that they be put in possession of said property, together with all its said rents and revenues since the death of their father.

"In the event that the court should decide that the children are not the legal heirs of R. M. Filhiol, petitioner prays that they be decreed to be entitled to alimony, to be fixed by the court in accordance with the amount of said estate and the necessity of said children, and petitioner prays that this alimony be fixed at one-fourth of the succession of R. M. Filhiol, or its value.

"And, further for all necessary orders and decrees, and for general relief."

The defendant Hardy H. Filhiol, as sole heir at law of R. M. Filhiol, excepted:

"That the order of the court appointing E. T. Lamkin tutor ad hoc for the purpose of bringing and prosecuting this suit was made without warranty or authority in law, and said appointment and the proceedings leading up to same were and are absolute nullities, and said appointment should be recalled and canceled; that the said E. T. Lamkin is without interest, capacity, or authority to prosecute this suit and stand in judgment, and that the suit should therefore be dismissed; that this exception be sustained, and plaintiff's suit dismissed, at his cost."

The district court rendered judgment declaring that:

"By reason of the law being in favor of the exception, it was ordered, adjudged, and decreed that the order appointing the plaintiff, E.

T. Lamkin, tutor ad hoc, be and the same is hereby rescinded and annulled; and it is further ordered, adjudged, and decreed that the suit by plaintiff herein be and the same is hereby dismissed as to both defendants. It is further ordered and decreed that the plaintiff pay the costs hereof. Done, read, and signed in open court on this June 16, 1908."

The order of court which was rescinded was given upon a petition addressed to the district court by E. T. Lamkin, in which he alleged that:

"The succession of R. M. Filhiol was opened in the parish of Ouachita, and is now under administration in your honorable court; that said R. M. Filhiol lived and died in your said parish of Ouachita; that he left two minor children, Aloysius and Nancy Ruth, who have claims against his succession; that no one has qualified as tutor to said minors; that petitioner is willing to represent said minors as tutor ad hoc in proceedings for the recognition of their rights against said succession and H. H. Filhiol, brother and heir presumptive of said R. M. Filhiol.

"In view of the premises, petitioner prays that he may be appointed tutor ad hoc of Aloysius Roland Filhiol and Nancy Ruth Filhiol, minor children of R. M. Filhiol, deceased, according to law."

The plaintiff appeals devolutively from the judgment.

### Opinion.

The plaintiff is not a relative of the minors whom he claims the right to represent. He does not pretend to occupy a position towards them of character such as throws upon him the legal duty of guarding and protecting their interests. He appears before the court purely as a volunteer, tendering his services for that purpose to the court. The appointment was not asked at the hands of the court by any party to an existing suit. The court's action from a legal standpoint was substantially ex proprio motu. We have been referred to no law authorizing the appointment of a tutor ad hoc to a minor for the purpose of fixing his status and instituting as plaintiff an action against third parties. The only authority in law for the appointment of a tutor ad hoc to a minor of which we ourselves are advised is found in

section 2342 of the Revised Statutes, and the facts of this case do not bring it under the provisions of that section. Appellant is in error in referring to the order of court appointing him a "tutor ad hoc" to the minors as a "judgment," and in seeking to apply to it the rules applicable to judgments. What he relies on as a judgment was a mere temporary conservatory order, which the judge had the authority and the right to modify or to vacate at his discretion. Plaintiff was at best an officer of the court. He had no vested right to his position as an "officer" holding by a fixed legal tenure. He held it at the pleasure of the judge. When the necessity for his occupying the position ceased in the opinion of the judge, or when the judge became satisfied that the order appointing him to the position had been improvidently granted, he had the right to vacate it. Plaintiff had no legal right to control the judge in that matter, or to question his authority in the premises. He had no legal interest in the subject-matter. State ex rel. Mauberret v. Judge, 45 La. Ann. 240, 11 South. 862. The original action of the judge was not based upon any express authority conferred upon him by law, but under the implied general supervisory power recognized in probate courts over the interests of minors, when falling under their jurisdiction, relative to their personal and property rights. We do not think that plaintiff has a legal interest to appeal. He relies upon the action of this court in Gates v. Bank of Patterson, 116 La. 539, 40 South. 891. But the facts of the two cases are widely different, and Gates v. Bank of Patterson cannot be invoked as a precedent. The court in the latter case had acted, as in this, in the exercise of the general supervisory power of probate courts for the protection of the personal and property rights of minors falling within their jurisdiction. Upon representations made to the judge of the district court that the tutor and under-

tutor, whom he had appointed to certain minors, had never qualified as such, but by fraud and collusion between them and the Bank of Patterson (which held a special mortgage on their property) the bank had been permitted to seize it under executory process, and through a sale made in such proceedings had deprived the minors of the same without citation and without "due process of law," the judge felt authorized, under certain expressions of this court in the Matter of the Minor Victoria Fortier, reported in 31 La. Ann. 50, and in Gates v. Bank, 116 La. 539, 40 South. 891, to appoint a tutor ad hoc to the minors and specially authorize him to bring an action to annul and set aside the sale so made. He accordingly appointed Graves to bring an action for that purpose, and the suit was accordingly brought and (over defendant's objection) carried to judgment. The court annulled and set aside the sale, and, going beyond the sale, dismissed in entirety the executory proceedings. The defendant appealed. This court affirmed the judgment so far as it set aside the sale, but amended it in so far as it dismissed the entire suit. We did not find that there was fraud in the case, but under the evidence it was established beyond doubt that the minors had been deprived of their property without due process of law in proceedings in which they had not been cited or represented. We dealt with the case as we found it.

We did not think the appellant was entitled, under the circumstances in which it invoked relief from the court, that we should exercise its powers to reinstate it in the illegal position towards the minors which it had held. We were of the opinion that we were warranted in leaving matters as we found them quoad the sale, but we held the executory proceedings in court up to the point where illegal proceedings began, and remanded the cause for further proceedings from that point forward.

We wish it understood that we did not intend by our expressions in Gates v. Bank of Patterson to recognize the right of the judge to appoint a tutor ad hoc to a minor for the purpose of proceeding as a plaintiff to fix his legal status and to enforce any legal rights which he might be shown to have under that status against third persons, for we do not think that judges have such authority. Bussy & Co. v. Nelson, 30 La. Ann. 25. The action of the court, rescinding his order appointing plaintiff as tutor ad hoc of the minors, and in sustaining defendant's exception, was correct.

The judgment appealed from is therefore affirmed.