## ATLANTIC GREYHOUND CORPORATION v. CRENSHAW.

### No. 8809.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1938.

Edwin D. Fulcher and James S. Bussey, both of Augusta, Ga., for appellant.

Joseph B. Cumming, James E. Harper, F. Frederick Kennedy, and Henry C. Hammond, all of Augusta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The Atlantic Greyhound Corporation, appellant, was sued by Miss Emmie L. Crenshaw, appellee, for personal injuries which she alleged she received while a fare paying passenger on appellant's bus on July 3, 1936. About six miles south of Chester, South Carolina, at night, the bus approach-

ed and passed around an automobile and automobile wrecker, which were almost blocking the paved portion of the highway. The bus driver drove to the extreme left of the road and onto a steep embankment where the bus overturned, injuring the appellee.

Upon the trial of the case a verdict was returned in favor of Miss Crenshaw, appellee, for fifteen thousand dollars. From this judgment the appellant, Atlantic Greyhound Corporation, appealed to this court.

Only two assignments of error are to be found in the record.

The first error assigned is on the admission of the following evidence: "Q. What was his manner of driving after he left Columbia?" The witness answered, "As to the speed of the bus from Columbia to the point of the collision, I believe all the way he ran between fifty and sixty miles and sometimes over sixty miles; he was running so fast just as he would pass cars you would almost have to hold your breath."

The second assignment imputes error to the court for overruling appellant's motion for a new trial.

The Atlantic Greyhound Corporation, on the night of the accident in question, ran two buses over the route on which the accident occurred. The buses were running behind schedule. The traffic was heavy and the two buses ran close together. Clouds were black and heavy and it rained most of the way from Columbia to the place of the accident. Much evidence as to the speed of the two buses along the way was introduced by both parties without objection. The admission of the testimony quoted in the first assignment of error is, of course, only indirectly relevant to the issue here. Very properly the court might hold that testimony of the speed of the car at some distant place would have little or no probative value, unless there was some evidence of the continuity of that same speed from the point designated to the point of the accident. Here the court limited the testimony in question solely to the speed of the bus, and the answer of the witness is that the driver of the bus in question kept and maintained such speed from Columbia to the place of the accident.

"Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it, and to aid the jury in arriving at the truth of the matter, should be admitted. * * * The

450

rule in this state [Georgia] is to admit evidence which is of doubtful relevancy." Talbotton Railroad Co. v. Gibson, 106 Ga. 229, 236, 32 S.E. 151, 152; Dalton v. Drake, 75 Ga. 115; Savannah, F. & W. Ry. Co. v. Flannagan, 82 Ga. 579, 589, 9 S.E. 471, 14 Am.St.Rep. 183.

The admissibility of such evidence depends upon the facts of each case. Central of Ga. R. Co. v. Keating, 177 Ga. 345, 352, 170 S.E. 493; Hodges v. Wells, 226 Ala. 558, 147 So. 672. Also see Townsend v. Adair, 223 Ala. 150, 134 So. 637, which holds [page 639], "The rule which has been adopted in this state with respect to the admissibility of evidence tending to show the speed at which an automobile is traveling at a point along the highway before reaching that at which the accident occurred as tending to show its speed at the latter place has been stated in some of our cases. Such evidence is said to be admissible when it relates to a place not so remote as that a fair inference may be indulged that substantially such speed was probably maintained to and at the time of the accident. This will depend upon the facts of each case, and must be left primarily to the sound discretion of the trial court."

■ We must not be confused by that long line of objectionable evidence sought to be introduced in cases of the speed of automobiles far removed from the scene of accident. Clearly this line of evidence was not relevant. It was offered, in most cases, by those observing the vehicles as they passed, and hence could shed no light on the speed at the place of the accident. Here we have the evidence of one who was a passenger on the bus and who testified that she measured the speed all the way from Columbia to the place of the accident.

We are of opinion that the admission of this evidence was not reversible error.

■ The second assignment of error is without merit. This court has previously held that the "complaint that the verdict was excessive was for the trial court alone on motion for a new trial. Trial court's refusal to grant a new trial is not ground for reversal on appeal." Southern Transportation Co. v. Ashford, 5 Cir., 48 F.2d 191, 192; Lincoln v. Power, 151 U.S. 436, 14 S. Ct. 387, 38 L.Ed. 224; Waters-Pierce Oil Co. v. Deselms, 212 U.S. 159, 160, 29 S.Ct. 270, 53 L.Ed. 453.

The judgment is affirmed.