Plaintiff sues to recover damages for injuries sustained in a collision between his car, which he was driving, and a truck trailer combine belonging to the defendant, Dunn, and driven by his employee.
The facts, as established on trial of the case, show that a heavy truck and trailer loaded with a boiler used in the drilling of oil wells, late on the night of July 2, 1941, was proceeding along Highway No. 80, traveling East, in the course of transporting the boiler to a location in one of the Mississippi oil fields. At a point about three miles East of Minden, in Webster Parish, in the course of negotiating a long grade, when about half-way up the hill the motor of the truck died. The driver immediately applied his air brakes and brought the vehicle to a stop. Upon trying to start the engine he found that the starter would not turn over the engine, and, from the evidence, it is obvious that there was a defect or weakness in the battery which was responsible for this failure. The driver, impressed, according to his testimony, with the importance of avoiding delay in delivery of the boiler to its destination, released his air brakes, allowed the truck and trailer to roll back down the hill, intending to attempt to start the motor by throwing the gear into reverse and engaging the clutch as the vehicle was in motion. However, this plan failed, due to the fact that the trailer would not maintain a straight course but "jack-knifed", that is, turned at a sharp angle across the road, completely blocking the paved portion of the heavily traveled highway. With much difficulty the driver succeeded in bringing the truck and trailer to a stop through the use of the foot brake. It is definitely established that air brakes, being released after having once been applied, are not susceptible of re-application unless the motor is running. At the time this maneuver was in progress two cars, the first occupied by two negro men and two negro women, driven at a slow speed of some fifteen or twenty miles an hour, and the second occupied by the plaintiff, John D. Webb and two negro women, driven at a rate of speed of some thirty-five or forty miles an hour, both proceeding West along Highway 80, topped the crest of the hill and began the descent of the slope thereof. Both cars were observed by the driver of the truck just before or about the time of bringing the truck to a stop. Immediately upon stopping his truck the driver reached down in the cab to pick up some fuses for the purpose of getting out and setting them as warning of the highway obstruction caused by his truck and trailer, but before he could even complete this motion and get out of the cab of his truck the accident occurred.
R.B. Bryant, the driver of the leading car, saw some character of obstruction looming out of the darkness a short distance in front of his car. Upon observing it, since he was driving very slowly, he was enabled to pull over to the shoulder of the highway and bring his car to a stop. Even before he succeeded in entirely bringing his car to a stop, according to the preponderance of the evidence, the second car, driven by the plaintiff, Webb, pulled out to pass the Bryant car and crashed into the trailer, which was then standing directly across the highway. One of the women passengers in Webb's car was immediately killed, Webb himself was rendered unconscious, and suffered serious injuries for which he seeks redress in this action.
Plaintiff's original petition sought damages in the total sum of $6,599, but after a petition to remove the case to the United States Court, which was filed on behalf of defendant, plaintiff entered a motion reducing the total amount of his claim to the sum of $2,995.
Plaintiff has alleged several grounds of negligence on the part of the driver of defendant's truck, and defendant in answer pleads freedom from negligence on the part of the driver of the truck, and contributory negligence on the part of plaintiff.
There was judgment by the trial Court in favor of the plaintiff, awarding damages in the sum of $2,494, from which judgment defendants appeal, the appeal being answered by plaintiff, who seeks an increase in the amount of the judgment.
As to the facts, there can be no question as to the establishment of negligence in a particularly gross degree on the part of the driver of defendant's truck. However important he deemed the mission upon which he was engaged, with reference to the avoidance of delay in the delivery of his load, the operation which he attempted to perform obviously endangered traffic on the highway and a more negligent and careless action could hardly be imagined. *Page 131 
Upon the question of contributory negligence, we feel that the same has not been established as against the plaintiff. Apparently plaintiff was driving a short distance behind the Bryant car. Observing this car pulling off upon the shoulder of the road and engaged in coming to a stop, plaintiff continued on his course at a speed of some thirty-five to forty miles per hour, and, according to his own testimony, did not observe the truck and trailer which blocked the highway. It would be unreasonable to hold that the driver of a car whose view was blocked by another automobile which was being driven very slowly, and, indeed, preparing to stop on the side of the road, on an apparently open and unobstructed highway, should anticipate the complete blocking of the highway at a point some twenty or twenty-five feet away, and be charged with the duty of bringing his car to a stop within such distance.
Had the situation presented itself in broad open daylight, the facts would have been different. The preponderance of the testimony indicates that the lights on the truck and trailer were either not operating or were so dim, and, by virtue of the position across the road, so placed that they did not in any sense serve as an adequate warning of the obstruction to traffic moving along the highway. There is testimony to the effect that it was found necessary to flag another approaching automobile in order to prevent an accident, and there is little doubt that until flares and warning signals were properly placed by the driver of the truck, the hazard was one of extreme danger, which, under certain circumstances, as in the case before us, could have developed without warning or notice to drivers of other vehicles, and might easily have constituted the proximate cause of damages resulting from ensuing collisions.
In addition to the allegations of freedom from negligence and contributory negligence, it is further strenuously contended on behalf of defendants that the trial Court erred as a matter of law in admitting evidence which both contradicted and enlarged the pleadings of plaintiff.
As to the point involving defendant's freedom from negligence, we feel that the facts speak eloquently for themselves, and the evidence in the record, in our opinion, conclusively establishes the negligence of defendant's truck driver.
The acts of plaintiff, upon which specific allegations of contributory negligence were based, consisted in the operation of his car at an excessive rate of speed; his failure to keep a lookout ahead and keep his car under control; and passing a car at night without a clear view of the road ahead. We do not find that the evidence supports the contention of an excessive rate of speed. It is true that the physical facts of the damage sustained to plaintiff's car indicate that the car itself was practically ruined by the impact. Under the facts, as established, we do not believe that the material damage sustained by a light passenger car, several years old, admittedly traveling at a speed of some thirty-five or forty miles an hour and crashing into a heavy trailer loaded with an oil-field boiler, in itself is sufficient to establish a dangerous and excessive rate of speed at the time of the impact.
We find no negligence chargeable to plaintiff on the ground that he failed to keep a proper lookout, keep his car under control and avoid passing another car without a clear view of the road ahead. To attempt to apply strictly construed rules fixing specific acts of negligence is incompatible with reason and justice.
In the case of Gaiennie v. Cooperative Produce Co.,196 La. 417, 199 So. 377, 379, the court considered the question of contributory negligence, certified by the Court of Appeal of the First Circuit. An examination of the facts of the case indicates that the conditions and circumstances surrounding the accident involved therein were, at least in some instances, strikingly similar to the case now before us. From the opinion of Justice Ponder we quote the following pertinent statement:
"* * * the particular facts of each case must be considered in arriving at a conclusion, and it would not be safe to lay down a hard and fast rule for that reason."
Where, as in this case, there is no positive evidence to support the charges of contributory negligence made by a defendant, and where the establishment of alleged acts of contributory negligence must rest upon speculative deductions and conclusions drawn therefrom a finding of contributory negligence would do violence not only to rules of law but to accepted processes of reasoning and logical interpretation. *Page 132 
The time element must be noted in a consideration of the case before us. It is obvious that the sequence of events initiating and bringing about the accident was so closely related to the actual occurrence of the collision, in point of time, as to constitute the happening of an instantaneous emergency and one which could not reasonably have been anticipated nor guarded against by plaintiff.
A careful examination of the facts established convinces us that plaintiff must be exonerated from charges of contributory negligence as being responsible for the accident.
Defendant's contentions as to error in the admissibility of testimony contradicting or enlarging plaintiff's pleadings are based upon the claims that plaintiff alleged certain specific acts of negligence which were not established, and that upon trial of the case plaintiff was permitted to introduce testimony with reference to other specific acts of negligence.
An examination of the pleadings discloses that plaintiff alleged the obstruction of the highway resulted from the negligence of defendant's truck driver. The general allegation as to the obstruction which occurred through the fault and negligence of defendant is sufficient to permit the introduction of testimony as to the manner in which the obstruction was brought about. It is true that plaintiff alleged a certain theory, and it is true that upon trial of the case some details of this theory were shown to be incorrect, but such a state of affairs developing from the testimony on a broad general issue cannot serve to restrict plaintiff to the point where he is prohibited from establishing the existence of acts of negligence actually responsible for bringing about the general condition alleged. These facts were peculiarly within the knowledge of defendant's driver. Plaintiff cannot be charged with the duty of knowing why and how the driver brought his truck and trailer across the highway, and so long as the issue and plea of negligence were squarely tendered by plaintiff in his pleadings, testimony was admissible in support of such a basis for recovery.
As to the quantum of damages, we find no error in the amount awarded by the lower Court. The items of property damage, hospital and doctors' charges are definitely established. On the claim for personal injuries the lower Court awarded the sum of $2,200. Plaintiff suffered a severe fracture of the base of the skull, bruises and shock resulting from the accident, was under treatment for a period of about six months, sustained a likely permanent impairment of the hearing of his right ear, and still complains of headaches, pains and general discomfort. We feel that the amount awarded is justified by the evidence. Plaintiff has answered the appeal, praying for an increase in the amount, but we find nothing in the record which would influence us to interfere or to change the award made by the trial Judge.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.