## ATKINS v. HALLIBURTON OIL WELL CEMENTING CO. et al.

No. 13808.

United States Court of Appeals, Fifth Circuit.

May 20, 1952.

Rehearing Denied June 18, 1952.

---

Max M. Morelock, Shreveport, La., for appellant.

G. M. Bodenheimer, Jr., Shreveport, La., for appellees.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

By this appeal the appellant, Atkins, seeks to rectify the alleged error of the trial judge in depriving him of the benefits of a verdict which he had secured by the grant of defendant's motion for judgment notwithstanding the verdict. The suit was one for damages sustained in an automobile collision which plaintiff claims was caused by the negligence of defendant. Defendant denied negligence and pleaded contributory negligence of the plaintiff. The evidence, as is usual in such cases, was in some conflict. The question now presented is whether there is any evidence to support the finding of the jury, implicit in their verdict rendered under instructions as to which there is no complaint, that the plaintiff was not guilty of contributory negligence. That the evidence amply sustains the charges of negligence against the defendant can not be questioned. However, in ruling upon the motion for judgment notwithstanding the verdict, the trial Court was of the opinion that the evidence established the plaintiff's contributory negligence as a matter of law. Our consideration of the case convinces us that the Court erred in so adjudging.

The factual picture which the jury was authorized to find that the evidence portrayed was that a large truck of the defendant, 7½ feet wide, 29 feet long, and 12 feet high, so loaded with cement that the total weight aggregated about 38,000 pounds, had broken down and been left standing on the highway for several hours. At about 4:45 A. M., when it was dark and misting rain, another and smaller truck of the defendant, coming to the aid of the disabled large truck, arrived from the opposite direction in which the disabled truck was traveling, and stopped alongside of, or near, the large truck, and upon arriving the driver turned off the lights of his truck. Substantially the entire highway was thereby blocked. Shortly thereafter, the plaintiff, driving an automobile with good lights, approached the scene at a speed of 30 to 35 miles per hour, to the rear of the disabled truck. The testimony as to whether any flares or lights had been placed to indicate its existence is in conflict. However, plaintiff testifies that he saw the truck when about 200 feet from it. In his own words, "When I first saw the truck I just took my feet off the gas until I had time to realize that the road was completely dark all the way down as far as I could see, no cars, no trucks, no nothing coming. Then I went back on my gas and maintained that same speed as nearly as I could * * * I proceeded in my lane, on that side of the road, in my driving lane for some, I would say approximately 100 feet, and then I started to gradually pull into the left lane to go around this truck * * * Then, at that time two bright lights came on right in my face. I was blinded by them." He immediately applied his brakes and pulled back to the right and crashed into the disabled truck. The trial judge was of the opinion that since admittedly he was able to see the disabled truck there was no reason he could not have seen the other truck which flashed on its lights, and that his failure to see it, and to have his car under control so that he could stop, was such contributory negligence as barred him from recovery. This view, in effect, imposes upon the plaintiff the burden under the circumstances present here which the Louisiana Courts have generally enforced where a motorist drives into the rear of a parked vehicle or some object parked in the highway standing in his lane of traffic. It overlooks however the difference in circum-

stances here where the offending vehicle, likewise owned and operated by the defendant, is in, or upon, the passing lane close to, or partly behind, the standing vehicle (which was seen in this case), but which suddenly flashes lights upon the approaching motorist. It also overlooks the situation which results from a motorist driving at night, who must of necessity focus some attention upon the disabled vehicle which he is attempting to pass, and who must not be held to strict accountability in seeing a parked car without lights which completes the blocking of the highway, and this is so regardless of the entire extent of correlative caution for one's self and one's fellows which he must observe. It is entirely unreal to impose upon a motorist, under the circumstances here, the same degree of caution in observing obstacles in the passing lane immediately adjacent to an obstacle in his driving lane, in the dark of night when motorists generally are required to, and do, have lights upon their cars as is enforced in case of obstructions in the lane of travel. Furthermore, the finding of the Court overlooks the greater size of the disabled truck and the manner in which it could well obstruct the view of a smaller truck alongside, or in front, of it. In considering the care required of an ordinary reasonable man in such circumstances we must recognize that the defendant's negligence arising from the sudden flashing on of lights which blinded the approaching plaintiff might well receive weighty effect at the hands of the jury and may well be considered as the culmination of negligent events which created an emergency. By these statements we express no binding view of the force of the evidence other than to say that we find the evidence sufficient to support the finding of the jury. Therefore the question of whether the plaintiff's contributory negligence was a cause of his injuries was one of fact and not of law.

▪ The case, as we see it, is really determined upon the facts. The Louisiana jurisprudence does not require a result contrary to that which we have reached. While it is true that under the Louisiana law the general rule is that drivers of automobiles must keep their vehicles under such control as to be able to bring them to a complete stop within range of their vision, and, at night, within the distance which their headlights project, and that a failure to do so is negligence,[1] it is recognized that this is no hard and fast rule which will govern every case in which a motorist collides with a stationary object in the highway, but that each case must be determined upon the basis of its facts.[2] Exceptions to the general rule have been frequently recognized and enforced both by the Courts of Louisiana and this Court.[3] Under the peculiar facts of this case, to some of which we have adverted, we think that the general rule that a driver is charged with seeing what is within the range of his visibility and must so operate the car as to avoid an obstacle that is seen should not be applied, and we conclude that the Court erred in granting the motion for judgment notwithstanding the verdict.

▪ The defendant-appellee urges that in the event we so determine the case, the trial Court should nevertheless be left free to exercise its discretion in passing upon its alternative motion for a new trial. Neither the motion for judgment notwithstanding the verdict, nor the alternative motion for new trial is in the record, although it is apparent from the Court's order that motions embracing these grounds, as alternatives, were filed. The better practice is for the trial Court, in the event the motion for

1. Goodwin v. Theriot, La.App., 165 So. 342; Inman v. Silver Fleet of Memphis, La.App., 175 So. 436; Hutchinson v. T. L. James & Co., Inc., La.App., 160 So. 447; Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Arbo v. Schulze, 173 So. 560.

2. Hogue v. Akin Truck Line, La.App., 16 So.2d 366; Taylor v. Fidelity & Casualty Co. of N. Y., La.App., 55 So.2d 307; Goodwin v. Theriot, supra.

3. As illustrative, we mention: New Amsterdam Casualty Co. v. Ledoux, 5 Cir., 159 F.2d 905; Car & General Ins. Corp. v. Cheshire, 5 Cir., 159 F.2d 985; Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Webb v. Dunn, La. App., 15 So.2d 129.

a judgment notwithstanding the verdict is granted, to rule also upon the motion for new trial, where alternatively presented, as authorized by Rule 50 of Federal Rules of Civil Procedure, 28 U.S.C.A. However, failure to do so does not bar further consideration of such motion. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Banks v. Associated Indemnity Corporation, 5 Cir., 161 F.2d 305. In the latter case, this Court, citing the Montgomery Ward & Company decision, supra, held that in such a case the motion for new trial stood "undisposed of". In the present case, while we can not approve the practice of dealing piecemeal with the alternative motion, we treat the motion for a new trial referred to, but not disclosed, likewise.

The judgment of the trial Court granting the judgment which set aside the verdict of the jury is reversed. The jury's verdict in favor of the plaintiff is reinstated, and the cause remanded to the trial Court for such action upon the defendant's motion for a new trial as may result from the exercise of the trial Court's discretion. If the motion for a new trial is denied, judgment should be entered upon the verdict of the jury. Costs of this appeal are taxed against the appellee.

Reversed and remanded with direction.