**DAVID BILGORE & CO., Inc.**

v.

**RYDER.**

No. 14569.

United States Court of Appeals
Fifth Circuit.
April 9, 1954.

---

**856**

G. T. Shannon, Shackleford, Farrior, Shannon & Stallings, Tampa, Fla., for appellant.

E. B. Rood, Mabry, Reaves, Carlton, Anderson, Fields & Ward, Tampa, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

Plaintiff below, Cecil A. Ryder, recovered judgment upon a jury verdict for personal injuries to himself, and for the wrongful death of his wife, alleged to be the result of a collision between an automobile driven by plaintiff and a pick-up truck driven by defendant's employee, which occurred at about 10:00 o'clock a. m., on February 26, 1951, on highway No. 41, about 5½ miles north of Brooksville, Florida. Plaintiff alleges that the collision was due to the negligence of defendant's employee, while the defendant charges that it was due to the negligence of plaintiff. At the time of the collision, defendant's employee was driving defendant's pick-up truck north along the highway, up the south side of a small hill, the crest of which obstructed the driver's view of cars approaching from the opposite side of the hill. Immediately ahead of defendant's truck was a loaded gasoline tank track, also headed north.

At the same time, plaintiff was approaching the crest of the same hill on the opposite side, headed south, immediately followed by another automobile, known as the Smilow car, in which a Mrs. Margolis was a passenger. Plaintiff was also unable to see over the hill. Both approaches to the crest of the hill, from north and south, were zones in which passing was prohibited to ascending traffic, which was indicated by a solid yellow line just to the right of the center line of the highway.

When about 135 to 200 feet from the crest of the hill, defendant's driver crossed over to his own left (west) side of the highway, and attempted to pass the gasoline truck, although he could not at that point see over the hill. At this moment plaintiff, driving about 50 miles per hour according to his own testimony, came over the crest of the hill, headed south. When confronted by defendant's truck

on the west side of the highway, and almost out on the west shoulder, which was plaintiff's right-hand side, plaintiff swerved his car sharply toward the left (east) shoulder of the road, which was wider and less obstructed than the west shoulder, as the loaded gasoline truck appeared to be traveling more slowly up the hill than the pick-up truck. The highway at that point is about 22 feet wide.

Plaintiff's car and defendant's truck collided about 135 feet south of the crest of the hill, severely injuring plaintiff and fatally injuring his wife, as well as the driver of defendant's pick-up truck. The car immediately following plaintiff's car, in which Mrs. Margolis was riding, came up and also collided with defendant's truck. The driver of the gasoline truck testified that these two cars came over the crest of the hill side by side, the plaintiff on his own left side of the highway, and that plaintiff's car sideswiped the Smilow car an instant before the collision with defendant's truck. This latter testimony, however, was sharply contradicted by other witnesses. Defendant below contends that its truck had regained its own right lane prior to the collision, but this testimony was contradicted by plaintiff's evidence. These conflicts were apparently resolved by the jury in favor of plaintiff.

Only two assignments of error are argued on appeal. First, that the trial court erred in refusing to give charge No. 5, requested by defendant, to the effect that there is evidence that the driver of defendant's truck passed the gasoline truck at a point designated as a "no passing" zone, and also evidence that plaintiff passed the Smilow car in such a zone, and if the defendant's driver failed to use reasonable care in the circumstances, and plaintiff also failed to use reasonable care in the circumstances, and plaintiff's failure proximately contributed to the accident, the verdict should be for the defendant.

Instead, the trial judge in effect charged the jury that Fla.Stat. § 317.31, F.S.A. authorizes the State Road Department to establish "no passing" zones along highways and designate the same by appropriate signs or marks on the highway. He further told the jury that if they found that such signs or marks had been placed at the point of collision, that failure of defendant's driver to obey such signs would be evidence of negligence, and that if such negligence proximately caused the accident, and plaintiff was free from contributory negligence, the verdict should be for plaintiff. * * *

The trial judge also told the jury that the statutes which had been read to the jury (which included the no passing zone statute) are designed to govern and regulate the conduct of motorists using the highways, and are as applicable to the plaintiff, Ryder, as to the driver of the Bilgore truck. He directed the jury to find for the defendant, Bilgore, if the jury concluded from the preponderance of the evidence that plaintiff himself negligently violated the "no passing" regulation and such negligence "proximately, appreciably or substantially" contributed to his own injury.

This charge fairly and adequately covered the issue of negligence and contributory negligence growing out of the alleged disobedience of the "no passing" regulation. It also embodies the substance of defendant's requested charge No. 5. No error results from failure to give a special charge which is covered in substance in the court's general charge. Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395; Lemley v. Christophersen, 5 Cir., 150 F.2d 291; Texas Co. v. Pensacola Maritime Corp., 5 Cir., 292 F. 61.

Second: The defendant contends that the trial court erred in rejecting proffered evidence of the speed of plaintiff's car about ¾ mile before reaching the point of collision. The admission or rejection of testimony as to the speed of a vehicle just prior to a collision rests primarily in the sound judicial discretion of the trial judge, which will not be disturbed except on a clear showing of abuse.

 If it appears that the evidence, though only indirectly relevant, would tend to illustrate the issues or to aid the jury in arriving at the truth, it may be admitted. Whether or not it shall be admitted turns upon the facts of each case. Atlantic Coast Line R. Co. v. Pidd, 5 Cir., 197 F.2d 153.

It has been held that testimony as to the speed of a bus ½ mile away from the scene of a collision "is wholly without force" upon the issue of causal negligence. Winn v. Consolidated Coach Corp., 6 Cir., 65 F.2d 256. On the other hand, this court approved the admission of evidence of a bus passenger as to the speed of a bus from a distant point to the scene of the accident, the passenger having observed the speed over the entire distance. Atlantic Greyhound Corp. v. Crenshaw, 5 Cir., 99 F.2d 449. And in U. S. v. Uarte, 9 Cir., 175 F.2d 110, four to eleven miles was held not too far to destroy relevance. In Melville v. State of Maryland, to Use of Morris, 4 Cir., 155 F.2d 440, nine miles, and in Dromey v. Inter State Motor Freight Service, 7 Cir., 121 F.2d 361, one and a half miles, was held not too far.

 In our case of Atlantic Greyhound Corp. v. Crenshaw, supra, however, the court cautioned against the reception of the evidence of one who merely saw the vehicle pass when so far from the point of the accident that it could not be presumed that its then speed continued down to the accident. That is the situation here.

The proposed witnesses gave the speed of plaintiff's car when it passed them about ¾ of a mile before the accident, but there is no evidence that they continued to observe it after it passed them. The terrain in that vicinity is "rolling" and the road passes over a series of small hills which obscure vision from time to time. There is positive evidence that these witnesses did not see the collision, and consequently did not know the speed of plaintiff's car at that time, although they did identify plaintiff's car as the one which passed them back down the road. In these circumstances, with the rolling terrain, there is no persuasive presumption that plaintiff's car maintained the speed at which the proposed witnesses said it was traveling when it passed them ¾ of a mile back down the road.

Moreover, the proposed witnesses described the car that passed them as "a yellowish green car." All the other testimony, including the photographs in evidence, shows plaintiff's car to have a white or cream colored body, and a black metal top. When all these matters are considered, we find no abuse of discretion in rejecting the proffered evidence.

Affirmed.