231 F.2d 263
 TRAVELERS INDEMNITY COMPANY et al., Appellants,
v.
Robert W. BENGTSON, Guardian ad Litem for the Minors Dorothy
and Margery Bengtson (Dorothy Bengtson and Margery Bengtson,
Substituted as Parties Appellees in the Place and Stead of
Robert W. Bengtson), Appellees.
 No. 15786.
 United States Court of Appeals Fifth Circuit.
 March 27, 1956.
Rehearing Denied April 25, 1956.
 
 W. D. Cotton, Rayville, La., J. C. Theus, Monroe, La., George W. Bolton, Jr., Rayville, La., for Great American Indemnity Co. of New York.
 John R. Pleasant, Shreveport, La., Herbert O'Niell, New Orleans, La., Booth, Lockard, Jack & Pleasant, Shreveport, La., for appellees.
 Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.
 BROWN, Circuit Judge.
 
 
 1
 William Bengtson's car, driven by him, crashed into the rear end of Avant's truck parked on a Louisiana highway during the nighttime. Bengtson's minor daughters, Dorothy and Margery, who sustained injuries brought suit against the liability insurers[1] of each for recovery of damages for their personal injuries and those occasioned by the death of their mother. Verdict and judgment were for these plaintiffs against both defendants.
 
 
 2
 The jury having resolved all of the recriminatory charges and countercharges made by each against the Bengtson driver and each other, the two insurers, forgetting their recent differences, now join hands as true allies amid the spoils of their unsuccessful campaign to charge that they have not been legally cast since no suit was in law, ever filed. The basis for this is the fact that the complaint was brought on behalf of the two minors by Robert W. Bengtson, their brother, as guardian ad litem pursuant to an express order of the district judge.
 
 
 3
 Starting with the inescapable fact that the accident of foreign insurers is all[2] that keeps this Louisiana controversy out of Louisiana courts, the insurers argue with at least the claim of consistency that if the suit, as brought, would have failed in the Louisiana court, it must suffer the same fate here.
 
 
 4
 On this premise they make the unassailable point that in litigation in Louisiana courts under the LSA-Civil Code,[3] the Code of Practice,[4] and its settled jurisprudence,[5] upon the dissolution of the parents' marriage (here by the mother's death), a minor may not bring a suit, cannot be a party, and the suit must be brought by a tutor[6] and not by a guardian ad litem.
 
 
 5
 But it is here that the claim of logical consistency breaks down. For it does not reckon either with the fact of the suit being filed in the Federal Court, or the existence of the Federal Rules of Civil Procedure, 28 U.S.C.A. The situation here meets the precise conditions of the second sentence of FRCP[7] 17(c) since the minor plaintiffs did not have any duly appointed representative. Upon this condition being satisfied the rule provides that the minor, '* * * may sue by his next friend or by a guardian ad litem.' This is unconditional, in no way dependent upon the capacity, under the law of the domicile for a party, or under the law of the state in which the district court is held for parties acting in a representative capacity as is expressed in FRCP 17(b), or a similar limitation implied under the first sentence of 17(c) where the action is brought by an appointed guardian, conservator, or similar fiduciary.
 
 
 6
 The rule itself is specific, and there is nothing about it or the Louisiana Jurisprudence to forbid its natural application. The question of the party by whom the claim must be asserted does not go to the existence of the claim. The right belongs to the minors, not to the tutor. The right which Louisiana creates-- to be free from tortious injury to one's person-- redress in money for deprivation of that security-- belongs to the minor. All that Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, mean in this area is that if the claim-- that is the real subject matter of the litigation-- would not support recovery in a state court-- if in the state court there is no means by which effective relief can be accorded-- then it may not in a federal court, and this results whatever label the state jurisprudence may put on the infirmity that is, 'procedural' or 'substantive.'
 
 
 7
 Louisiana is emphatic, of course, in decreeing that when this right is sought to be enforced in its courts, it will recognize only certain litigants. But this is the regulation of the course of the proceedings, the method by which the right will be judicially recognized. Recovery in the particular case may be denied when such rules are not observed, but the right, as such, is not thereby defeated;[8] it does not come to an end, nor is it qualified or abridged by local law, Ragan v. Merchants Transfer & Warehouse Co., supra.
 
 
 8
 This is then a matter within the proper sphere of procedure and calls for the application of the Federal Rules concerning parties. Fallat v. Gouran, 3 Cir., 220 F.2d 325, 328; Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32, 36; Gas Service Co. v. Hunt, 10 Cir., 183 F.2d 417; Du Vaul v. Miller, D.C.Mo., 13 F.R.D. 197. Rule 17(c) expressly applies and a suit by guardian ad litem for minor plaintiffs is proper.[9] Russick v. Hicks, D.C.Mich., 85 F.Supp. 281; Constantine v. Southwestern Louisiana Institute (D.C.La. 3-judge court), 120 F.Supp. 417; Moore's Federal Practice, 2d Ed., 17.26, pages 1417, 1419. In C. J. Peck Oil Co. v. Diamond, 5 Cir., 204 F.2d 179, 182, we treated this as procedural, 17(c) as permissive not mandatory. The contrary expressions in Board of Supervisors of Louisiana State University, etc. v. Tureaud, 5 Cir., 226 F.2d 714, 719, fell with that decision when by the per curiam opinion January 6, 1956, 228 F.2d 895 the Court, sitting en banc, vacated and set aside the decision 226 F.2d 714 and reinstated the earlier decision of August 23, 1955, 225 F.2d 434.
 
 
 9
 These conclusions are reinforced by subsequent developments. By appropriate motion during the pendency of the appeal, the record shows that one of the minors has become of age, and the other has been judicially emancipated. Mullen v. Gause, 161 La. 461, 109 So. 31, followed Goldsby v. Lowrey, 6 La.App. 450, 451, while dealing with a slightly different situation, foretells, we think, that Louisiana courts would in this case (by Art. 958, note 4, supra, the tutor's authority terminates on this occurrence) permit the substitution, consider it as a ratification of the prior acts of the guardian ad litem, and treat the judgment as valid. This is a recognition, at the very least, that the necessity for suit by the indicated tutor is not, as some language would indicate, a jurisdictional requirement leaving the whole proceeding forever and finally void. Moreover, it is not jurisdictional in the federal sense and were we to remand for the making of proper party plaintiffs, these two persons would be entitled to judgment on the prior verdict, judgment and record, Finn v. American Fire & Casualty Co., 5 Cir., 207 F.2d 113, certiorari denied 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069. We should hardly be compelled to do such a useless thing, FRCP 61.
 
 
 10
 On the common front the attack fails. Bengtson's insurer, now alone without ally, makes an orderly retreat to its last and only and single position-- an assertion that the court's charge was defective as to Bengtson's duty.
 
 
 11
 The contention is that the District Judge, in his charge, virtually imposed an absolute duty on Bengtson to be able to stop his vehicle within the distance he could see, which while once the law of Louisiana, Louisiana Power & Light Co. v. Saia, La.App., 173 So. 537, had long since been ameliorated to test conduct on the basis of its reasonable prudence where the sudden blinding effect of oncoming headlights or similar conditions made it difficult or impossible actually to see the presence of the offending vehicle parked where it had no right to be. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L. R.A.1917F., 253; Kirk v. United Gas, 185 La. 580, 170 So. 1; Gaiennie v. Cooperative operative Produce Co., 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720; Buford v. Combs, La.App., 50 So.2d 469; Piland v. Maryland Casualty Co., D.C., 85 F.Supp. 31, affirmed 5 Cir., 179 F.2d 678; New Amsterdam Casualty Co. v. Ledoux, 5 Cir., 159 F.2d 905; Car & General Insurance Corporation v. Cheshire, 5 Cir., 159 F.2d 985; Atkins v. Halliburton Oil Well Cementing Co., 5 Cir., 196 F.2d 876.
 
 
 12
 Whether the charge had this meaning, we do not determine for no objection to it was made, FRCP 51. The objection[10] was not that the charge was faulty in respects pointed out, American Fidelity & Casualty Co. v. Drexler, 5 Cir., 220 F.2d 930; Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, but merely that the court ought to have given a special requested instruction. This brings that specific complaint before us, Lumbermens Mutual Casualty Co. v. Hutchins, 5 Cir., 188 F.2d 214; Green v. Reading Co., 3 Cir., 183 F.2d 716, for review, but it fails either if the charge as given adequately covers the issues, David Bilgore & Co., Inc., v. Ryder, 5 Cir., 211 F.2d 855; Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395; Lemley v. Christopherson, 5 Cir., 150 F.2d 291; Pasotex Pipe Line Co. v. Murray, 5 Cir., 168 F.2d 661, or the requested charge was itself erroneous, Lumbermens Mutual Casualty Co. v. Hutchins, supra; Chicago G.W.R. Co. v. Robinson, 8 Cir., 101 F.2d 994; cf. Montgomery v. Virginia Stage Lines, 89 U.S.App.D.C. 213, 191 F.2d 770. Requested issue No. 4 falls on the latter score for, attempting to paraphrase too literally argumentative factual excerpts from Louisiana appellate decisions,[11] it did not reckon adequately with the unique dual function of those courts to review law and fact, and, on substance, it was virtually an instruction to return a verdict for Bengtson and against the plaintiffs. The requested charge was wrong. The court properly declined to give it.
 
 The judgment is therefore
 
 13
 Affirmed.
 
 
 
 [1]
 Louisiana Direct Action Statute, LSA-R.S. 22:655; Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59; Watson v. Employers Liability Assurance Corp., Ltd., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74
 Bengtson's insurer: Great American Indemnity Company.
 Avant's insurer: Travelers Indemnity Company.
 Avant, an Arkansas citizen, was subsequently joined as a co-defendant.
 
 
 [2]
 There was diversity as to Avant, but this would have meant a separate suit against him in the Federal Court, and one against Bengtson in the State Court
 
 
 [3]
 Article 246. 'The minor not emancipated is placed under the authority of a tutor after the dissolution of the marriage of his father and mother.'
 Article 250: 'Upon the death of either parent, the tutorship of minor children belongs of right to the other.'
 Article 301: 'The causes herein expressed, or any other, can not excuse the father from the obligation of accepting the tutorship of his children.'
 Article 307: 'The appointment, recognition or confirmation of tutors must be made by the judge of the parish where the minor has his domicile * * *.'
 Article 308: 'In every case where it is necessary to appoint a tutor to a minor, all those of his relations who reside within the parish of the judge, who is to appoint him, are bound to apply to such judge, in order that a tutor be appointed to the minor at fartherest within ten days after the event which make such appointment necessary.'
 Article 273: 'In every tutorship there shall be an undertutor, whom it shall be the duty of the judge to appoint at the time the letters of tutorship are certified for the tutor.'
 'It is common knowledge to all to act for the minor, whenever the interest of the minor is in opposition to the interest of the tutor.'
 Article 337: 'The tutor shall have the care of the person of the minor, and no one (Rev. Bengtson in this shall administer his estate as a prudent administrator would do, and shall be responsible for all damages resulting from a bad administration.'
 See generally Article 316 through 335.
 
 
 [4]
 Article 958: 'There shall hereafter be no curator ad bona or curator ad litem appointed in any case; the persons and estates of minors shall in all cases be of a motorist under such circumstances. under-tutors; and the powers, duties and responsibilities of tutors and under-tutors, as well as the liability to be removed from office, shall continue until the minor or minors attain the age of majority, or are otherwise emancipated.'
 Article 108: 'Minors, persons interdicted or absent, can not sue, except through the intervention or with the assistance of their tutors or curators.'
 Article 109: 'Tutors act themselves in all judicial proceedings, in the name of their minors, and in all suits which may be brought for them, without making them parties to said suits.'
 
 
 [5]
 Heno v. Heno, 9 Mart.,O.S., 643; Lamkin v. Succession of Filhiol, 123 La. 181, 48 So. 881; Gilbert v. Mazerat, 121 La. 35, 46 So. 47; Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715; Koepping v. Monteleone, 143 La. 353, 78 So. 590
 
 
 [6]
 The tutor here would have to be their father. Farr v. Emuy, 121 La. 91, 46 So. 112, 15 L.R.A.,N.S., 744; Kelley v. Kelley, 198 La. 338, 3 So.2d 641
 
 
 [7]
 '(c) Infants or incompetent persons. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.'
 
 
 [8]
 The insurers recognize this by their vigorous argument based on Wheeler v. Rodriguez, supra, that until the suit is brought by a proper tutor, neither party suffers from, nor enjoys the benefit of, res judicata, or estoppel by judgment from prior actions
 
 
 [9]
 Southern Ohio Savings Bank & Trust Co. v. Guaranty Trust Co., D.C.S.D.N.Y., 27 F.Supp. 485, is not to the contrary. An Ohio guardian was held to lack capacity to sue in New York but the court had no right to appoint a guardian ad litem since an ancillary guardian had been appointed in New York
 
 
 [10]
 After the plaintiffs' exception to the charge, the following is the entire action by the defendants:
 'The Court: Mr. Theus (for Travelers-- Avant's insurer).
 'Mr. Theus: We have no exceptions, Your Honor.
 'The Court: Mr. Cotton (Bengtson's insurer).
 'Mr. Cotton: The Great American objects to the refusal of the Court to give its requested charge No. 4 as written.
 'The Court: All right. * * *.'
 
 
 [11]
 The numbers in ( ) in requested charge No. 4 are inserted to identify the two main portions with specific Louisiana decisions:
 'In your consideration of this case, where there is no statutory law on a subject, the Court and jury may adopt theoretical standards from common sense experience for insuring the safety of the road, but all must be tested by concrete factors, the law and the evidence. The letter of the law must not be disregarded under a pretext of pursuing its spirit.
 'It is common knowledge to all who operate motor vehicles at night that the headlights of such vehicles will not reveal objects on the highway beyond the locus of an oncoming vehicle that also has bright headlights. In such a situation no one (rev. Bengtson in this case) is expected or required to reduce the speed of his car to such extent that it could be stopped within the short distance between him and the trailer after its presence on the highway was discovered. To have effectively guarded against the emergency that did confront him he would have had to proceed at a snail-like pace or have brought his car to a complete stop. The law does not expect this of a motorist under such circumstances. He did not and surely would not be expected to anticipate that the road * * * would be blocked as it was.
 'The question of Reverend Bengtson's negligence or lack of negligence is a question for the jury to determine. In considering this, you are required to determine whether or not his acts were of such lack of care as to be a proximate cause of the collision. If not, the insuror of Reverend Bengtson's automobile is not liable in damages to this plaintiff.'
 Part (1) is a literal quotation (plus 'and jury') from Dodge v. Bituminous Casualty Co., supra.
 Part (2) is an exact quotation (plus 'Rev. Bengtson in this case') from Herring v. Holicer Gas Co., La.App., 22 So.2d 868, 872.