**LEMLEY v. CHRISTOPHERSEN.**
No. 11342.

Circuit Court of Appeals, Fifth Circuit.
July 10, 1945.

John M. Murrell, of Miami, Fla., for appellant.

H. Reid DeJarnett, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant sued as widow of a soldier who was killed in connection with a collision of appellee's automobile with an army truck in daylight at an intersection of two streets in Miami, Florida, lost her suit for the homicide by an adverse jury verdict, and appeals.

The record, prepared with the looseness permitted by Rule of Civil Procedure 75, 28 U.S.C.A. following section 723c, fails to show any adverse ruling by the judge during the trial except his order overruling her motion for a new trial. The statement of points relied on for appeal, however, names as errors, besides the refusal of a new trial, two refusals to give requested charges, and the giving of a long charge. The brief also argues two grounds of the motion for new trial relating to the argument of opposing counsel before the jury. The last named grounds are attempted to be supported by an affidavit of counsel, but opposing counsel takes issue as to what occurred.

1. The motion for new trial, uncertified by the judge as true, and overruled by him without comment, cannot be looked to by us as a record of the proceedings in the trial. Nor does the affidavit of counsel help it. Rule 75 seems to permit appellant to write out initially his own record of proceedings, subject to objections by opposing counsel and settlement by the

292

judge, but it is carrying the looseness of reform too far to sanction what is here attempted. The motion for a new trial is but an appeal to the presiding judge for an exercise of his discretion to grant one, and his refusal is not ordinarily reviewable on appeal. The recitals in the motion of what happened in the trial, not certified by the judge or conceded by opposing counsel, do not constitute a record of the proceedings upon which the appellate court may act.

 2. Appellee's brief concedes that the refusals to charge the two requests made by appellant occurred. We notice them for that reason only. The first request is to the effect that the negligence of the driver of the truck in which the soldier was riding is not imputable to the soldier. This principle was clearly stated in the charge given to the jury. There was no error in failing to charge it in the precise words requested.

The second refused request reads: "The defendant in the 8th defense of his answer alleges that the deceased was standing in the rear of the motor vehicle which was then and there being operated at a high and dangerous rate of speed, and that when the motor vehicle suddenly swerved it threw him to the ground because of the insecurity of his position. The court instructs the jury that the position in which the deceased was riding in the army truck, whether he was standing, sitting, or lying down, is not to be considered by you, unless it be shown by a preponderance of the evidence that the position in which the deceased was riding was causally related to the collision." The fault of the request lies in its last word. If it had said "related to the injury" instead of "related to the collision", it would probably have been given, for the judge so charged in substance. The evidence was that the soldier, riding in the back of the truck, was thrown from it, and killed by striking his head against the curb. No one else in either vehicle was hurt, and the damage to each vehicle was only nominal. According to some of the testimony the soldier was not seated, though seats were provided, but was standing on the rear gate, out from under the canvas cover, intending, as was argued, to greet his wife who lived in a house a block ahead; and the truck, to avoid a head-on collision, swerved suddenly from its course, causing the soldier to fall prior to the impact of the vehicles. In this view of the occurrence the soldier's position, unneces-

sarily dangerous, would clearly be at least a contributing cause of his fall and death, though his being where he was did not in any way cause the collision of the vehicles. The request was not adjusted to the pleaded issue to which it was addressed.

3. The charge as given is in the record, and the judge stated either side might have an exception. It presents the three theories of the occurrence indicated by the evidence, which was in considerable conflict, and correctly states the rules of law applicable. The record shows no specific objections made at the time, and no substantial inaccuracy or unfairness. Contributory negligence is a bar to recovery in Florida, as at common law, and the verdict probably rests on that basis.

The judgment is affirmed.