**Linda STOUT, by her father and next friend Blevin Stout, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Plaintiff-Intervenor.**

**JEFFERSON COUNTY BOARD OF EDUCATION et al., Defendants-Appellees,**

**v.**

**BOARD OF EDUCATION FOR the CITY OF PLEASANT GROVE, Defendant-Intervenor.**

**Nos. 29886,\* 30387.**

United States Court of Appeals, Fifth Circuit.

July 6, 1971.

U. W. Clemon, Birmingham, Ala., Norman Chachkin, Norman C. Amaker, New York City, Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Jerris Leonard, Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., Wayman G. Sherrer, U. S. Atty., E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., Bishop & Carlton, Maurice F. Bishop, Birmingham, Ala., for defendants-appellees.

Thomas R. McEniry, Bessemer, Ala., for defendant-intervenor.

---

\* No. 29886 is included in this order because of the inter-relation of the issues raised therein and in order that the district court on remand will have the opportunity to assure compliance with the uniform provisions relating to faculty and other staff in Singleton v. Jackson Municipal Separate School District, 5 Cir., 419 F.2d 1211; Id. 425 F.2d 1211.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

BY THE COURT:

The order of the district court under review is vacated and the cause is remanded with direction that the district court require the school board[1] forthwith to implement a student assignment plan for the 1971–72 school term which complies with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), insofar as it relates to the issues in this case, and which encompasses the entire Jefferson County School District as it stood at the time of the original filing of this desegregation suit.

In North Carolina State Board of Education v. Swann, 402 U.S. 43, 91 S.Ct. 1284, 1286, 28 L.Ed.2d 586, 589 (1971), the Supreme Court said:

" * * * [I]f a state-imposed limitation on a school authority's discretion operates to inhibit or obstruct the operation of a unitary school system or impede the disestablishing of a dual school system, it must fall; state policy must give way when it operates to hinder vindication of federal constitutional guarantees."

Likewise, where the formulation of splinter school districts, albeit validly created under state law, have the effect[2] of thwarting the implementation of a unitary school system, the district court may not, consistent with the teachings of Swann v. Charlotte-Mecklenburg, *supra*, recognize their creation.[3]

The district court is also directed to implement fully the uniform provisions of our decision in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211; Id. 425 F.2d 1211, insofar as said uniform provisions relate to desegregation of faculty and other staff, majority to minority transfer policy, transportation, school construction and site selection, and attendance outside system of residence. See also Carter v. West Feliciana Parish School Board, 432 F.2d 875 (5th Cir., 1970).

The district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 433 F.2d 611, 618–619 (5th Cir., 1970).

The mandate shall issue forthwith.

Vacated and remanded with directions.

1. The district court shall include within its order a direction to any school boards created since the filing of the original action in this cause to submit to the plan to be approved by the district court.

2. The process of desegregation shall not be swayed by innocent action which results in prolonging an unconstitutional dual school system. The existence of unconstitutional discrimination is not to be determined solely by intent. Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); Bush v. Orleans Parish School Board, 190 F.Supp. 861 (E.D.La., 1960); aff'd sub nom. City of New Orleans v. Bush, 366 U.S. 212, 81 S.Ct. 1091, 6 L.Ed. 2d 239 (1961); United States v. Texas, 330 F.Supp. 235, Part II (E.D.Tex., 1971); aff'd as modified, United States v. Texas, 447 F.2d 441 (5th Cir., 1971).

3. See, Lee, et al., v. Macon County Board of Education, 448 F.2d 746 (5th Cir., 1971).