Linda STOUT et al., Plaintiffs-Appellants-
Cross-Appellees,

United States of America, Plaintiff-
Intervenor-Appellant,

v.

JEFFERSON COUNTY BOARD OF
EDUCATION et al., Defendants-
Appellees,

Board of Education of the City of Pleas-
ant Grove, Defendant-Intervenor-
Appellee-Cross-Appellant.

Linda STOUT et al., Plaintiffs-Appellees,

United States of America, Plaintiff-
Intervenor-Appellee,

v.

JEFFERSON COUNTY BOARD OF
EDUCATION et al., Defendants-
Appellees,

Board of Education of the City of Pleas-
ant Grove, Defendant-Intervenor-
Appellant.

Linda STOUT et al., Plaintiffs,

United States of America, Plaintiff-
Intervenor-Appellee,

Charles OWENS et al., Movants-
Appellants,

v.

JEFFERSON COUNTY BOARD OF
EDUCATION et al., Defendants-
Appellees.

Linda STOUT, by her father, and next
friend, Blevin Stout, Plaintiff-
Appellant,

v.

JEFFERSON COUNTY BOARD OF
EDUCATION et al., Defendants-
Appellees,

United States of America, Intervenor.

Nos. 71-2804,* 71-2979,* 72-1102 *
and 72-2056.*

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 1972.

Rehearing and Rehearing En Banc
Denied Nov. 27 and Dec. 15, 1972.

---

* The above styled cases have been consoli-
dated either at the suggestion of the parties, or by this court for its own con-
venience.

---

U. W. Clemon, Birmingham, Ala., Solomon Seay, Jr., Montgomery, Ala., and Jack Greenberg, New York City, for Linda Stout and others.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Brian K. Landsberg, Atty., David L. Norman, Asst. Atty. Gen., Theodore J. Garrish, Atty., Dept. of Justice, Washington, D. C., A. Lattimore Gaston, Asst. U. S. Atty., Birmingham, Ala., Frank M. Dunbaugh, Deputy Asst. Atty. Gen., Civil Rights Div., Dept. of Justice, Washington, D. C., for the United States.

Thomas R. McEniry, Bessemer, Ala., Maurice Bishop, County Atty., Robert S. Vance, Beavers, Shannon, Harrison & Odom, Jack H. Harrison, Jos. F. Johnston, Birmingham, Ala., for Jefferson County Bd. of Ed. and others, appellees.

Thomas R. McEniry, Bessemer, Ala., for Bd. of Ed. of City of Pleasant Grove, appellant.

Palmer W. Norris, James H. Faulkner, Birmingham, Ala., for Charles Owens and others, appellants.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

BY THE COURT:

The issues in all of the above cases relate to desegregation of the schools operated by the Jefferson County Board of Education, Jefferson County, Alabama. In Stout v. Jefferson County Bd. of Education, 448 F.2d 403 (5th Cir., 1971), we remanded the case to the district court with directions that it require the school boards (including within the terms of its order a direction to any splinter school board, i. e., those created since the filing of the original desegregation suit) to implement a plan which complies with Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554. Several school districts were affected, including the districts of Pleasant Grove, Vestavia, Midfield and Homewood all having been created since 1965. In Stout, supra, we said of these post-desegregation suit school districts:

"Likewise, where the formulation of splinter school districts, albeit validly created under state law, have the effect[2] of thwarting the implementation

[2.] The process of desegregation shall not be swayed by innocent action which results in prolonging an unconstitutional dual school system. The existence of unconstitutional discrimination is not to be determined solely by intent. Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); Bush v. Orleans Parish School Board, 190 F.Supp. 861 (E.D. La., 1960); aff'd sub nom. City of New Orleans v. Bush, 366 U.S. 212, 81 S.Ct. 1091, 6 L.Ed.2d 239 (1961); United States v. Texas, 330 F.Supp. 235, Part II (E.D.Tex., 1971); aff'd as modified, United States v. Texas, 447 F.2d 441 (5th Cir., 1971).

of a unitary school system, the district court may not, consistent with the teachings of Swann v. Charlotte-Mecklenburg, supra, recognize their creation.[3]

[3.] See, Lee et al., v. Macon County Board of Education, 448 F.2d 746 (5th Cir., 1971)."

The district court on remand correctly interpreted our prior order and directed the splinter districts to accept a proper role in the desegregation of the county system. Pleasant Grove refused to accept its role and was unwilling to live within the district court's orders. After giving Pleasant Grove an opportunity to conform to the overall plan and being faced with Pleasant Grove's demonstrable reluctance to commit itself to the effort, the district court ordered that the Jefferson County Board of Education take up the operation of the Pleasant Grove district schools. Pleasant Grove appealed.

Because the issue of splinter districts was fundamental to the total desegregation effort of the Jefferson County district, and because the Supreme Court accepted certiorari in two Fourth Circuit cases,[1] whose views on splinter districts were contrary to that of this circuit, we have held this case for the Supreme Court's determination.

In Wright v. Council of the City of Emporia, 407 U.S. 451, 92 S.Ct. 2196, 33 L.Ed.2d 51 (1972) and United States v. Scotland Neck City Board of Education, 407 U.S. 484, 92 S.Ct. 2214, 33 L.Ed.2d 75 (1972) the Supreme Court reversed the Fourth Circuit and cited our prior order in this case and Lee v. Macon County Board of Education, 448 F.2d 746 (1971), with approval. *See* Cisneros v. Corpus Christi Independent School District, 448 F.2d 1392 (5th Cir., 1972).

■ In light of the Supreme Court's reversal of the Fourth Circuit in *Wright, supra* and *Scotland Neck City Board, supra,* and its reliance on our prior *Stout* order, we affirm the district court's determinations as regards the splinter school districts.[2] We note, however, that the splinter district or districts are not forever vassals of the county board. The

courts should not remove local control indefinitely. Orders based on the splinter district's refusal to accept the role dictated by *Wright, supra,* Lee v. Macon, *supra,* and *Stout, supra,* should be reviewed school year to school year, or more frequently as may be appropriate. Sovereignty should be returned when Pleasant Grove demonstrates to the district court's satisfaction by clear and convincing evidence that it is able and intends to comply with the court's orders concerning its role in the desegregation of the Jefferson County School District. When that showing is made, then the court should withdraw its prior order, but with the clear understanding that it will be reinstated should the district's commitment to desegregation falter.

It is obvious that the merits of the desegregation plan ordered implemented for the 1971–72 school year are moot. This result is not an abdication of judicial duty. It is a consequence of the deference required of us to the action of the Supreme Court in granting certiorari to the precise issue involved in this case. As far as the merits of the district court's order pertain to the school years 1972–73 and thereafter, the issues are

1. Wright v. Council of City of Emporia, 442 F.2d 570 (4th Cir., 1971), cert. granted 404 U.S. 820, 92 S.Ct. 56, 30 L.Ed.2d 48; and United States v. Scotland Neck City Board of Education, 442 F.2d 575 (4th Cir., 1971), cert. granted 404 U.S. 821, 92 S.Ct. 47, 30 L.Ed.2d 49.

2. The district court on this issue concluded:
   "THE COURT: I think for this first phase of this case. I can go ahead and announce my conclusions, because they will be governing what would come up next.
   "I do think that all the school systems are governed by the same standard, that is, Vestavia and Homewood be governed by the same standards as Midfield and Pleasant Grove. But the standard is not to deny the possibility of a creation of separate systems that is allowed under state law unless that state law interferes with the disestablishment of a dual school system. There is nothing inherently wrong with it. The test, as I see it and under the Fifth Circuit has directed me, is to look at the particular school district involved

and see whether the recognition of that district with whatever modification would be made thwart the implementation of a unitary school system in the county as a whole. Then if it does, then to that extent the Court would disregard the creation or existence of that system. I think it is, however, pretty clear that the demography, the location of people and their colors is different in the area generally. In the southern part of the county, from that end of midwest, I guess you would call it, that is areas where Pleasant Grove and Midfield are located, so that it very well may be that more recognition in that sense of the viability of Homewood and Vestavia can be given than may be given to Midfield and Pleasant Grove, simply because of the reality of the situation of where the people live. I think the approach basically is to look on the entire county system, including these four separate areas, as a single unit, and to see what can be done in terms of assuring the unitary system. And if and to the extent these separate systems interfere with that process, then they are going to have to give way to that efect, to that extent."

not moot. Therefore, on the merits we vacate the district court's orders so far as they relate to the following attendance zones:

Wenonah (Lipscomb), Midfield, Brighton, Fultondale (Springdale), Minor and Leeds, and require the District Court to forthwith conduct such further proceedings as that Court may determine necessary or appropriate in the course of applying the desegregation remedy outlined in this court's *en banc* opinion in Cisneros, et al. v. Corpus Christi Independent School District, *supra*.

■ With the further exception regarding the plan's over-all transportation requirements and majority to minority transfer provisions, the district court's student assignment plan for 1972–73 is approved as complying with *Swann*. So far as such order pertains to the transportation requirements of minority to majority transfers and the priority which those transfers shall receive, the court's order is vacated, with instructions to implement a majority to minority transfer program as provided in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir., 1970), en banc. See also Brown v. Board of Education of the City of Bessemer, Alabama et al., 464 F.2d 382 (5th Cir., 1972); Lee v. Macon County Board of Education, 448 F.2d 746 (5th Cir., 1971). *Compare* Cisneros, et al. v. Corpus Christi Independent School District, *supra*.

■ The issue raised in the most recent appeal, No. 72–2056, pertains to the construction of a new school, whose location was determined by assertedly neutral, i. e., non-racial, criterion. The district court, in its order approving this new construction, concluded that even if a new study was ordered which was not color blind but color conscious, the location decision would in all probability remain. The school is projected in the Berry attendance zone. Strong cases have been made that the decision being color blind cannot stand. An equally strong case has been made on the basis of pupil location and physical geography that this school site is necessary. Appellate resolution of the propriety of this school, we believe, may be deferred in that the district court's reconsideration of the Wenonah school attendance zone may include a solution which will free additional capacity or require clustering with the neighboring Berry zone, thereby eliminating a present need for a new facility by freeing additional classroom space, or the court may find that the new site is still required. In any event, a color conscious study is required. Swann v. Charlotte-Mecklenburg Board of Education, *supra*; Singleton v. Jackson Municipal Separate School District, *supra;* Lee v. Macon County Board of Education, *supra*; United States v. Board of Public Instruction of Polk County, 395 F.2d 66 (5th Cir., 1968).

No. 72–1102 is affirmed. *See* Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Alabama ACLU v. Wallace, 456 F.2d 1069 (5th Cir., 1972).

The order of the district court is affirmed in part, vacated in part, and in part remanded for further proceedings not inconsistent herewith.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

It is further ordered that our prior order taxing costs in the case be vacated and that costs be taxed one-fourth (¼) against the Plaintiffs-Appellants-Cross Appellees, Linda Stout, et al., and three-fourth (¾) against the Defendants-Appellees, Jefferson County Board of Education, et al., and Defendant-Intervenor-Appellee-Cross-Appellant, Board of Education of the City of Pleasant Grove.