Linda STOUT, by her father and next friend, Blevin Stout, Plaintiff-Appellant,

United States of America, Intervenor-Appellant,

v.

JEFFERSON COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.

No. 72-3025.

United States Court of Appeals, Fifth Circuit.

July 18, 1973.

---

3. *See*, Smith v. Sol D. Adler Realty Company (7th Cir. 1971), 436 F.2d 344, 349–350.

U. W. Clemon, Birmingham, Ala., Jack Greenberg, New York City, for plaintiff-appellant Stout.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., David L. Norman, Asst. Atty. Gen., Brian K. Landsberg, Paul F. Hancock, Thomas M. Larson, Attys., Dept of Justice, Washington, D. C., for the U. S.

Maurice F. Bishop, Donald B. Sweeney, Jr., Birmingham, Ala., McEniry, McEniry & McEniry, Bessemer, Ala.,

Fred D. Gray, Montgomery, Ala., for other interested parties.

Before THORNBERRY, CLARK and for defendants-appellees.

INGRAHAM, Circuit Judges.

BY THE COURT:

This appeal pertains to a student assignment plan ordered for the schools administered by the Jefferson County Board of Education. In prior orders of this court and the district court, the issues of the desegregation of the county school district have been successively refined and we have approved the basic plan. Stout v. Jefferson County Board of Education, 466 F.2d 1213 (5th Cir., 1972). The present appeal, however, presents two issues: The constitutional viability of the student assignment plan for the Edgewater and Graysville attendance zones, and whether the district court erred in approving the school board's request to transform the formerly black high school within the Graysville zone from an academic school into a fully integrated center for exceptional children.

In our last order, 466 F.2d 1213, we directed the district court to reconsider certain attendance zones:

". . . Therefore, on the merits we vacate the district court's orders so far as they relate to the following attendance zones:

Wenonah (Lipscomb), Midfield, Brighton, Fultondale (Springdale), Minor and Leeds, and require the District Court to forthwith conduct such further proceedings as that Court may determine necessary or appropriate in the course of applying the desegregation remedy outlined in this court's *en banc* opinion in Cisneros, et al. v. Corpus Christi Independent School District, *supra*.

"With the further exception regarding the plan's over-all transportation requirements and majority to minority transfer provisions, the district court's student assignment plan for 1972–73 is approved as complying with *Swann* [Swan v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2nd 554 (1971)]."

The zone lines of the Graysville and Edgewater attendance zones as drawn in the student assignment plan for 1972–73 were approved.

Faced with the realities and daily problems of the Jefferson County school system, the district court responded to the school board's request for modification of the Graysville and Edgewater attendance zones. In so doing, the district court acted during the pendency of the prior appeal. Nevertheless, Judge Pointer displayed remarkable concern for the district and prescience of the outcome of that appeal which had been held in abeyance for the Supreme Court's determination of Wright v. Council of City of Emporia, 407 U.S. 451, 92 S.Ct. 2196, 33 L.Ed.2d 51 (1972), and United States v. Scotland Neck City Board of Education, 407 U.S. 484, 92 S.Ct. 2214, 33 L.Ed.2d 75

(1972). The district court, in considering the school board's request, followed the step analysis of Cisneros, et al. v. Corpus Christi Independent School District, 448 F.2d 1392 (5th Cir., 1972).

Subject to the caveat that the other zones remanded in 466 F.2d 1213, are not now before us, we affirm the district court's order with respect to the modifications entertained in the Graysville and Edgewater attendance zones.

We also affirm the district court's approval of the board's request to convert Graysville High School, which was formerly black, into a fully integrated school for exceptional children. Appellants challenge this aspect of the plan as the closing of a formerly black school for racial reasons, a practice held to be violative of the Equal Protection Clause in Lee v. Macon County Board of Education, 448 F.2d 746, 753 (5th Cir., 1971), but we do not agree that the proposed conversion of Graysville High fails under the holding in Lee. Lee disapproved the closing of black schools as a method of desegregation which was itself discriminatory—which cast " 'the burden of desegregation upon one racial group.' " *Id.* at 754. On the record before us the conversion of Graysville High in this case does not appear to be a part of such a one-sided approach to the problem. Rather it is part of a complex and many-faceted three-zone plan which includes, among other features, the closing of two white schools. As an integrated school for exceptional children the Graysville facility will serve as a needed arm of the state's special education system. In the context of the whole plan, the district court's approval of the proposed conversion of Graysville High, after considering alternative procedures, was not an abuse of its equitable discretion.

This court's approval of the district court's plan does not end the matter. Not only must the district court construct a valid plan but that plan must be demonstrated to be effective in operation. Therefore, it is Ordered:

(1) That the district court retain jurisdiction over this action for a period of not less than three school years from the date of this order. During the next three school years the school district shall be required by the court below to file semi-annual reports with said court similar to those required in United States v. Hinds County School Board, 433 F.2d 611, 618–619 (5th Cir., 1970).

(2) At the conclusion of three school years the district court shall consider whether the cause should be dismissed. In no event, however, shall the district court dismiss the action without notice to the plaintiffs below and a hearing providing the plaintiffs-appellant and the intervenor an opportunity to show why dismissal of the cause should not be further delayed. At such time, if not previously resolved, the question of the authority of the splinter school district shall be finally determined.

The order of the district court is affirmed and the case remanded for proceedings consistent herewith.