**Linda STOUT, by her father and next friend, Blevin Stout, et al., Plaintiffs-Appellees,**

**v.**

**JEFFERSON COUNTY BOARD OF EDUCATION, Defendant-Appellant,**

**United States of America, Intervenor.**

**No. 73–3348.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1974.

Maurice F. Bishop, Birmingham, Ala., for defendant-appellant.

Thomas R. McEniry, Bessemer, Ala., Norman Chachkin, Jack Greenberg, New York City, U. W. Clemon, Birmingham, Ala., for plaintiffs-appellees.

Wayman G. Sherrer, U. S. Atty., A. Lattimore Gaston, Asst. U. S. Atty., Birmingham, Ala., Brian K. Landsberg, Paul F. Hancock, Attys., Education Section, Civil Rights Div., J. Stanley Pottinger, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., for other interested parties.

Before THORNBERRY, CLARK and GEE, Circuit Judges.

BY THE COURT:

The basic plan for desegregating the schools administered by the Jefferson County Board of Education was approved by this court in 1972. Stout v. Jefferson County Board of Education, 466 F.2d 1213. In that opinion we directed the district court to reconsider certain attendance zones, and by our opinion of July 18 last, 483 F.2d 84, we affirmed the court's order, entered during the pendency of the prior appeal, modifying the Graysville and Edgewater attendance zones and directed that the court retain jurisdiction over the action for a time. The opinion noted that ". . . the other zones remanded in 466 F.2d 1213, are not now before us. . . ." One of these now is.

Reconsidering these zones as directed, Judge Pointer received plans, took evidence at a hearing conducted on July 27 and 28 last and entered his order of August 7 establishing a plan for, inter alia, the Brighton area. This area had been a subject of our prior decision (466 F.2d at 1216) and is the subject of the in-

stant proceeding, though no appeal was taken from the August 7 order.

That order, insofar as is generally material here, sought to establish a uniform white student ratio of at least sixty percent in the three high schools of Brighton, Hueytown and Midfield by means of "double zones" lying between Brighton and Midfield and between the Brighton zone and the Hueytown zone. White students in these zones were assigned to Brighton, originally intended as an all-black facility. Black students were assigned to Midfield or Hueytown.

During the first school week of this scholastic year, the County Board noted an extreme shortfall in actual white enrollment in the Brighton facilities under that projected. The magnitude of the discrepancy suggests a boycott by white students.[1] Acting swiftly, if not precipitately, after what appears to have been only four days of school,[2] the Board presented to Judge Pointer a petition to modify the Brighton-Midfield-Hueytown area portion of the court's August 7 order. In broad outline, the new plan contemplated converting the Brighton schools to special learning facilities and the reassignment of their regular students to other schools. After an extensive hearing before the court on September 6, the petition for modification was denied by an order which also noted deficiencies in compliance with the court's order of August 7 and directed compliance in specific particulars. The Board appeals.

We have been favored with no record. It is agreed in the briefs that the hearing on this petition to modify was held in chambers, that no court reporter was present, and that no transcript of the proceedings exists. Nor has the Board availed itself of the procedures provided for use by appellants in these circumstances.[3] Indeed, the preceding factual statement has been pieced together from points of agreement in the briefs and from prior opinions of this court. This we have done in an attempt to make our action herein intelligible but not as a comprehensive factual statement. We review the district court's decision under the standard of abuse of discretion. See e. g. Lee v. Macon County Board of Education, 482 F. 2d 1253 (5th Cir., 1973). Appellant, by failing to comply with Rule 10 F.R.A.P.,[4] has not shown, and indeed cannot show, any abuse of discretion by Judge Pointer.

His concern for this troubled district has recently been noted by this court in its July 18 last opinion. Left to speculate, we can only conclude, if anything, that his conscientious care persists.

Affirmed.

1. The Board's brief, for example, compares an actual white enrollment of 75 students at Brighton Elementary with a projection of 505.

2. We are advised by the briefs that school opened on August 29, a Wednesday, with a holiday on Monday, Labor Day. The Board's petition for modification is dated September 5.

3. F.R.A.P. 10(c) provides:
   (c) Statement of the Evidence or Proceedings When no Record Was Made or When the Transcript is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or pro-ceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal.

4. For the results of a failure to provide a sufficient record in other types of cases, see Hemming v. United States, 409 F.2d 11 (5th Cir., 1969); Green v. Aetna Ins. Co., 397 F.2d 614 (5th Cir., 1968).