**UNITED STATES of America, Plaintiff-Appellant,**

v.

**HINDS COUNTY SCHOOL BOARD et al., Defendants,**

**Clinton Municipal Separate School District, Defendants-Appellees.**

No. 76–4436.

United States Court of Appeals, Fifth Circuit.

Sept. 26, 1977.

Rehearing and Rehearing En Banc Denied Oct. 28, 1977.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Walter W. Barnett, Atty., Appellate Section, Civil Rights Div., Dept. of Justice, Mark Gross, Atty., Dept. of Justice, Burtis M. Dougherty, Jr., Atty., Education Section, Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Robert C. Cannada, John M. Putnam, Jackson, Miss., for Hinds County School Bd.

John H. Fox, III, Jackson, Miss., for Clinton Municipal Separate School Dist. & City of Clinton.

Peter M. Stockett, Jr., Jackson, Miss., for State Ed. Finance Comm.

Walter R. Bridgforth, Yazoo City, Miss., for defendants-appellees.

Fred L. Banks, Jr., and Melvyn Leventhal, amicus curiae, N.A.A.C.P. Legal Defense and Educational Fund, Inc.

Before THORNBERRY, MORGAN, and CLARK, Circuit Judges.

BY THE COURT:

The United States sought injunctive relief to dissolve the Clinton Municipal Separate School District (Clinton MSSD) and remerge it into the Hinds County School District (Hinds County SD). This appeal comes from an order of the district court denying that relief. In reaching its decision the district court did not use the proper standards to evaluate the effect of the independent existence of the Clinton MSSD on the ongoing process of dismantling the dual school system in Hinds County. For that reason we vacate the district court's order and remand for further consideration.

The Clinton MSSD was formed in 1970; before then it had been part of the Hinds County SD. Within the Hinds County SD there were several local school districts, known as attendance centers, each of which had a board of trustees appointed by the Hinds County School Board which delegated varying amounts of authority to the local boards. Although alterations had been made previously, after 1949 the Clinton Attendance Center comprised the present area of the Clinton MSSD, an additional area of the Hinds County SD that today is known as the Sumner Hill Attendance Zone, and areas that have been incorporated into the City of Jackson Municipal

Separate School District on the east.[1] Before desegregation orders were entered, only white students attended school in the City of Clinton. White students who lived within the area served by the Clinton Attendance Center but outside the city were bussed to the city schools. Black pupils residing within the Attendance Center area were transported to all-black schools outside the City of Clinton.

Litigation to desegregate the schools in the Hinds County SD began in January 1967, with a complaint filed by the United States against the Hinds County School Board under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq.* Initially the School Board's desegregation efforts relied upon freedom-of-choice plans. This court, however, found those plans to be inadequate in *United States v. Hinds County School Board,* 417 F.2d 852 (5th Cir. 1969), a consolidated case that included appeals from twenty-five separate school desegregation cases in Mississippi. Later that year, the Supreme Court substituted a now-and-at-once requirement for its previous all-deliberate-speed standard for desegregating school systems. *Alexander v. Holmes County Board of Education,* 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969). Following that decision this court directed that a plan proposed by the United States Department of Health, Education & Welfare be implemented no later than December 31, 1969. *United States v. Hinds County School Board,* 423 F.2d 1264 (5th Cir. 1969), *cert. denied,* 396 U.S. 1032, 90 S.Ct. 612, 24 L.Ed.2d 531 (1970). This plan divided the county into seven attendance zones; students living within each zone were to attend the school within that zone, subject to the standard majority-to-minority transfer proviso: students whose race was in the

majority in a school could transfer into a school in which their race was in the minority. One of the attendance zones comprised the City of Clinton plus some surrounding areas, but did not include the former Sumner Hill zone which contained two nearby all-black schools.

On January 5, 1970, the local Clinton Board of Education petitioned the Mayor and Board of Aldermen of the City of Clinton to establish a school district independent from the Hinds County SD. The Mayor and Board of Aldermen then passed an ordinance to create a separate district with boundaries that were coterminous with those of the Clinton Attendance Zone which would have been created by the HEW plan. Next, the state legislature passed a special act, thinly guised as a general law, to amend § 6411–01 of the Mississippi Code of 1942 (now § 37–7–637, Mississippi Code of 1972) to authorize the creation of the Clinton MSSD.[2] The final step came on May 18, 1970, when the state's Education Finance Commission approved the formation of the Clinton MSSD.[3] On July 1, 1970, the Clinton MSSD began operation.

The current phase of this sadly protracted litigation began almost five months later. On November 30, 1970, the Clinton MSSD sent the clerk of this court a motion to sever the Clinton MSSD from the Hinds County SD. Contrary to the opinion of the district court, that motion was filed by the clerk of this court on December 2, 1970. On January 14, 1971, then-Judge Griffin Bell wrote to counsel for the Clinton MSSD and explained that this court could not approve the separation without the consent of the other parties to the litigation. When counsel for the Clinton MSSD attempted to secure that consent, the United States Department of Justice declined to consent to

---

1. Facts are taken from stipulations in the record on appeal.

2. The Governor signed the law on April 3, 1970. The timing of the passage of this law is important only insofar as its effect on the process of desegregation. *See* p. 1192, *infra.* The Mississippi Constitution forbids local and private school legislation. *See* Miss. Const. art. 4, § 90(p).

3. On June 15, 1970, the Commission amended its earlier order to correct errors in the description of the boundaries of the district. The Hinds County School Board, which had once refused to approve the Clinton MSSD, did approve the new district "insofar as this Board is authorized to do" on May 14, 1970.

the separation pending the Supreme Court's decision in other cases. With that letter from the Department of Justice, dated April 15, 1971, attempts to sever the Clinton MSSD apparently ended. The record reveals no further efforts by the Clinton MSSD to press this court for a decision. Thus, from its inception the Clinton MSSD operated independently of the Hinds County SD without the requisite judicial approval. *See Stout v. United States* [sic, Jefferson County Board of Education], 448 F.2d 403, 404 (5th Cir. 1971).

Whatever the explanation for the delay in seeking judicial approval, as the district court quite properly recognized, the delay itself cannot determine the outcome of this case. Instead, the courts must evaluate "the *effect* of the action upon the dismantling of the dual school systems involved." *Wright v. Council of City of Emporia,* 407 U.S. 451, 462, 92 S.Ct. 2196, 2203, 33 L.Ed.2d 51, 61 (1972) (emphasis in original). Because of the peculiar procedural status of this case, the courts may see the actual results of the separation rather than relying on prediction as the Court did in *Emporia, supra,* and its companion case, *United States v. Scotland Neck City Board of Education,* 407 U.S. 484, 92 S.Ct. 2214, 33 L.Ed.2d 75 (1972). Yet even here the district court's view of the facts was clouded by a pending annexation of part of Hinds County by the City of Jackson. Now we also know these results and the Hinds County SD has lost an area to the long-existing Jackson Municipal Separate School District which took, 4,470 students, 29% black and 71% white, from the Hinds County SD.[4]

Nevertheless, in attempting to determine the effect of Clinton MSSD's separation, the district court erred when it measured effect by noting that the boundaries adopted by the Clinton MSSD were the same as the zone boundaries drawn by HEW. The process of desegregation is not a static process with lines and markers once set being fixed for all time. Instead the process is often one of trial and error; if one set of zones proves ineffective, then another must be drawn and, if necessary, another, or some yet different approach be tried. The question here is whether by creating a separate school district whose lines were not subject to this ongoing process, the Clinton MSSD "hinders or furthers the process of school desegregation." *Emporia, supra,* 407 U.S. at 460, 92 S.Ct. at 2202. By excising itself from the rest of the Hinds County SD, the Clinton MSSD instantly established a barrier that prevented its schools from being part of the majority-to-minority transfer program. The effect of that fact also must be considered along with the broader impact of the permanency of the Clinton MSSD boundaries (as opposed to the tentative nature of the HEW boundaries).

In determining the effect of these conditions on its overall ability to achieve a unitary school system in the Hinds County SD, the district court should keep in mind the tests approved in *Emporia* as they were applied in *Scotland Neck.* In *Emporia* the Court first noted the disparity in the racial composition of the two districts.[5] But in

---

4. Residents of the annexed area challenged the annexation, alleging that they were denied equal protection because they were not allowed to vote on the annexation. The Mississippi Supreme Court rejected that challenge in *Lowe v. City of Jackson,* 336 So.2d 490 (Miss.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976). Early in 1977 the district court approved a plan of pupil assignment for the newly annexed area. *Singleton v. Jackson Municipal Separate School District,* Civ. Action No. 3379 (S.D.Miss., Jan. 31, 1977). No challenge has been made to the effect of this annexation on the Hinds County SD.

5. The county-wide system had a racial composition of 34% white and 66% Negro. Emporia would have established a system that was 48% white and 52% Negro, leaving the remainder of the county 28% white and 72% Negro. When Clinton MSSD was part of the Hinds County SD the composition was 45% white and 55% Negro. Clinton MSSD's departure left the county SD 32% white and 68% Negro, while the Clinton MSSD was 85% white and 15% Negro. Those statistics were for seven academic years ago. Current estimates of the Hinds County SD (less the area recently annexed by the City of Jackson) show a composition of 18% white and 82% Negro. If the

saying that there was more to the case than the racial disparities, the Court relied upon three other tests to determine the permissibility of the school district's separation: (1) changes in student composition, that is, whether the separation of the school district caused a change in the student composition of the districts; (2) changes in educational quality, that is, whether the school buildings, facilities, and other assets taken into the splinter district are superior to those in the surrounding county; and (3) timing, that is, whether the existence and operation of the splinter district conveys to the black students a message of their inferiority.[6] *See Ross v. Houston Independent School District,* 559 F.2d 937 (5th Cir. 1977).

*Emporia* emphasizes that the primary responsibility for evaluating effect lies with the district court. Therefore, we remand this case to that court for further consideration. Unless a determination can be made that the separate existence of the Clinton MSSD does not adversely affect the ongoing desegregation process in the Hinds County SD, the Clinton MSSD cannot continue to separate its students, teachers, and assets from that continuing effort. Nothing in this opinion requires the disestablishment of the Clinton MSSD as a legal entity under Mississippi law. But, if the district court finds that its separation acts to hinder desegregation, the existence of the Clinton MSSD cannot bar merger of any part or all of the district's pupils, faculties, and facilities into the Hinds County SD.[7] If that be the conclusion of the district court, obvious financial, contractual, and other complications will ensue. These must be considered and resolved in an orderly way. However, neither such factors nor the difficulties of resolving them can be weighed in determining whether Clinton's separate operation hinders the fulfillment of court-ordered desegregation.

VACATED and REMANDED.

---

Clinton MSSD were part of the Hinds County SD, the ratio would be 43% white and 57% Negro.

**6.** The district court was correct in its ruling that the timing of the Clinton MSSD's separation could not be used to establish an impermissible motive. Indeed, our ruling assumes that the motives of the Clinton MSSD are free from any taint. The question is not one of motive but of effect.

**7.** The "proper role" (*see Stout v. Jefferson County Bd. of Educ.,* 466 F.2d 1213, 1214 (5th Cir. 1972)) for Clinton MSSD in the desegregation of Hinds County SD is not an all-or-nothing matter. For example, it may be found best for it to assimilate Lovett and Sumner Hill into its system, or to pair some of its schools with these schools in preference to outright dissolution and assimilation by Hinds County SD. Other viable alternatives may be suggested by the parties. The judgment as to which is best is assigned initially to the district court.