**UNITED STATES of America,**
**Plaintiff,**

v.

**Dustin Lee HONKEN, Defendant.**

**No. CR 01–3047–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Feb. 28, 2007.

---

Charles J. Williams, Patrick J. Reinert, U.S. Attorney's Office, Cedar Rapids, IA, Thomas Henry Miller, AAG, Des Moines, IA, for Plaintiff.

## ORDER

BENNETT, District Judge.

This matter comes before the court pursuant to defendant/appellant Dustin Honken's February 27, 2007, First Motion To Extend The Time To File Appellant's Statement Pursuant To F.R.A.P. 10(c) (docket no. 753), and defendant/appellant Dustin Honken's February 27, 2007, Motion To Disclose The Government's Notes, Memoranda, And Correspondence Related To The Unrecorded Hearings At Issue In This F.R.A.P. 10(c) Proceeding (docket no. 754). Disposition of the latter motion is

material to the court's disposition of the former motion, so the court will consider the latter motion first. Moreover, because time is of the essence, where Honken's current deadline for submission of his Rule 10(c) statement is just a few days away, the court will consider these motions now, notwithstanding that the government has not yet responded.

In the latter motion, Honken asserts that his appellate attorneys, who were not the attorneys who represented him at trial, have requested that the prosecutor provide them with a copy of any notes, memoranda, or correspondence that may indicate what transpired during four unrecorded status conferences on December 16, 2003, May 21, 2004, July 26, 2004, and August 12, 2004, but the prosecutor has refused to provide any such materials asserting work product privilege. Honken contends that a mere recital by his counsel of what happened in the unrecorded conferences is not enough to comply with Rule 10(c) of the Federal Rules of Appellate Procedure and that he must, instead, make an exhaustive effort to identify what transpired and to reduce that to a narrative form for purposes of completing the record on appeal, citing *Bilmar Drilling, Inc. v. IFG Leasing Co.*, 795 F.2d 1194, 1200 (5th Cir.1986). He contends, further, that the court has the inherent power, in appropriate circumstances, to assure the proper and orderly administration of criminal justice, which he contends means that the court has the authority to order and supervise discovery in criminal cases over and above what is allowed by any of the discovery rules, citing *United States v. Jackson*, 508 F.2d 1001, 1007 (7th Cir.1975). Therefore, he requests that the court order the United States to disclose to his appellate counsel any notes, memoranda, or correspondence pertaining to the four proceedings in question.

■ The court finds that Honken's contentions are based on a fundamental misunderstanding of the procedure provided by Rule 10(c) of the Federal Rules of Appellate Procedure for reconstruction of the record when a transcript or other recording is unavailable and a misreading or misapplication of the precedents upon which he relies. "Where an untranscribed proceeding is to be at issue on appeal, Federal Rule of Appellate Procedure 10(c) provides a mechanism by which an appellant can attempt to reconstruct a record." *Von Kahl v. United States,* 242 F.3d 783, 792 (8th Cir.2001). Rule 10(c) of the Federal Rules of Appellate Procedure provides as follows:

> **(c) Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 10 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

FED. R.APP. P. 10(c). The Rule plainly establishes a three-step process for reconstruction of the unrecorded parts of the record: (1) the appellant must prepare a statement of the evidence or proceedings "from the best available means, including the appellant's recollection"; (2) the appellee may then serve "objections or proposed amendments" to the appellant's proposed statement; and (3) the district court must consider the statement and any objections or proposed amendments "for settlement and approval" of the record on appeal.

*Id.; see also United States v. Brown,* 441 F.3d 1330, 1373 (11th Cir.2006) ("Rule 10 provides a detailed method by which the record should be supplemented when proceedings were not recorded or a transcript is unavailable: the appellant prepares a statement of the evidence or proceedings, and serves the appellee, who may file objections or proposed amendments, after which the matter is presented to the district court 'for settlement and approval.' Fed. R.App. P. 10(c).").

■ Nothing in the Rule, however, suggests that the appellant is entitled to discovery of the appellee's (or the court's) notes, memoranda, or other records concerning the proceedings in question; instead, the Rule contemplates that the appellant will rely on the "best available means" at his disposal, "including the appellant's recollection." *Id.* The appellee's input concerning the unrecorded proceedings, based on whatever "means" are available to the appellee, presumably including the appellee's notes, memoranda, correspondence, or recollections, are obtained via the appellee's "objections and proposed amendments," but the Rule does not direct, hint, or suggest that the appellee must provide the materials on which the appellee's version of events is based to the appellant in order for the appellant to prepare the appellant's initial statement. *Id.* Finally, the district court "settle[s] and approv[es]" the record of the unrecorded proceedings based on the appellant's and the appellee's submissions and, presumably, whatever resources or recollections are available to the court. *Cf. Brown,* 441 F.3d at 1374 (where the appellant had failed to follow the Rule 10(c) procedure to establish a record for an alleged *ex parte* contact between trial counsel and a magistrate judge, "[t]he district court acted well within its discretion finding—based on its inquiry of its own staff, the court reporter, and the magistrate judge—that there were

no *ex parte* communications"). Again, nothing in the procedure specified in Rule 10(c) remotely suggests that the appellant is entitled to discovery of any materials in the appellee's possession in order to complete the appellant's initial statement.

Moreover, nothing in the authorities upon which Honken relies, or other authorities examined by the court, suggests a different reading of the Rule. Although Honken relies on *Bilmar Drilling, Inc. v. IFG Leasing Co.*, 795 F.2d 1194 (5th Cir. 1986), for the proposition that a mere recital by his counsel of what happened in the unrecorded proceedings is not enough to comply with Rule 10(c) and that he must, instead, make an exhaustive effort to identify what transpired and to reduce that to a narrative form for purposes of completing the record on appeal, the court finds that the decision in *Bilmar Drilling* does not stand for the proposition that the appellant is somehow entitled to discovery of the appellee's records to prepare the appellant's initial statement. In the pertinent part of the *Bilmar Drilling* decision, the court observed as follows:

> The district court order denying Bilmar leave to add fraud, fraudulent inducement, and DTPA claims provides that that denial was based on an oral order that the court made during the pre-trial conference with the parties. The appellant has the responsibility to prepare a statement of unreported proceedings for inclusion in the record on review, Fed. R.App. P. 10(c), even if that statement in this instance would provide that no reasons were given. A mere recital by counsel of what happened is not enough. *Stout v. Jefferson Co. Bd. of Educ.*, 489 F.2d 97, 98 (5th Cir.1974); *Lemley v. Christophersen*, 150 F.2d 291, 292 (5th Cir.1945) (discussing predecessor to Rule 10(c)). Bilmar has not provided this statement. We are therefore faced with the choice of either remanding for the purpose of supplementing the

> record with that statement or declining to consider this issue. Fed. R.App. P. 10(e). We choose to do the latter.

*Bilmar Drilling, Inc.*, 795 F.2d at 1200. Thus, while this decision does stand for the proposition that "[a] mere recital by counsel of what happened is not enough," the failing of the appellant in that case was not that the appellant had not sought discovery to inform the appellant's Rule 10(c) statement, *but that the appellant had not followed the procedures of Rule 10(c) at all*, and had, instead, offered a "mere recital" of what happened.

Similarly, in each of the cases on which the court in *Bilmar Drilling* relied, the appellant's failing was not following the procedure provided by Rule 10(c) to establish the record for unrecorded proceedings. *See Stout v. Jefferson County Bd. of Ed.*, 489 F.2d 97, 98 (5th Cir.1974) ("We have been favored with no record. It is agreed in the briefs that the hearing on this petition to modify was held in chambers, that no court reporter was present, and that no transcript of the proceedings exists. *Nor has the Board availed itself of the procedures provided for use by appellants in these circumstances.* Indeed, the preceding factual statement has been pieced together from points of agreement in the briefs and from prior opinions of this court. This we have done in an attempt to make our action herein intelligible but not as a comprehensive factual statement.") (emphasis added and footnote omitted identifying the "procedures provided" as those provided by Rule 10(c)); *Lemley v. Christophersen*, 150 F.2d 291, 291–92 (5th Cir.1945) ("The motion for new trial, uncertified by the judge as true, and overruled by him without comment, cannot be looked to by us as a record of the proceedings in the trial. Nor does the affidavit of counsel help it. Rule 75 [of the Federal Rules of Civil Procedure, the predecessor of current Rule 10(c) of the Fed-

eral Rules of Appellate Procedure] seems to permit appellant to write out initially his own record of proceedings, subject to objections by opposing counsel and settlement by the judge, but it is carrying the looseness of reform too far to sanction what is here attempted. The motion for a new trial is but an appeal to the presiding judge for an exercise of his discretion to grant one, and his refusal is not ordinarily reviewable on appeal. *The recitals in the motion of what happened in the trial, not certified by the judge or conceded by opposing counsel, do not constitute a record of the proceedings upon which the appellate court may act.*") (emphasis added). These decisions simply do not provide that the appellant erred by not seeking, or the court erred by not allowing, discovery from the appellee to assist the appellant in creating a Rule 10(c) statement.

Other authorities also indicate that flaws in attempts to reconstruct the record of unrecorded proceedings were failure to follow the Rule 10(c) procedure, not failure of the district court to permit discovery by the appellant concerning an appellee's recollections or records of the unrecorded proceedings. *See, e.g., Brown,* 441 F.3d at 1373 ("[The appellant] made no proffer to the district court regarding any hearings that were not transcribed or for which a transcript was unavailable. Indeed, even after the district court invited him to do so, [the appellant] still only obliquely referred to an *ex parte* communication between trial counsel and the magistrate judge. He did not provide any details of the substance of that communication, let alone comply with the 'statement of evidence or proceedings' requirement of Rule 10(c), despite the fact that his appellate attorney was in contact with the trial counsel that allegedly engaged in these communications."); *Von Kahl,* 242 F.3d at 792 ("Despite waiting more than ten years after his conviction became final to file his § 2255 motion, [the appellant] has made no

effort to follow the Rule 10(c) procedure, and [a co-defendant's trial counsel's] affidavit—signed nearly ten years after the trial—provides only the barest sketch of the district court's resolution of the issue. Accordingly, our review of the issue is severely circumscribed."). Thus, these authorities also do not support a Rule 10(c) procedure that entitles the appellant to discovery of the appellee's records or recollections to assist the appellant in the preparation of its initial Rule 10(c) statement.

█ Honken has not cited, and the court has not found, any authority permitting discovery from an opposing party in the course of a Rule 10(c) procedure to reconstruct a record. Honken nevertheless contends that the court has the inherent power, in appropriate circumstances, to assure the proper and orderly administration of criminal justice, which he contends means that the court has the authority to order and supervise discovery in criminal cases over and above what is allowed by any of the discovery rules, citing *United States v. Jackson,* 508 F.2d 1001 (7th Cir.1975). He urges the court to use this "inherent power" to order the government to respond to his discovery request for materials to assist him in his preparation of his Rule 10(c) statement. The decision in *Jackson* states that decisions cited by the government in that case "do not suggest that the district court lacks the inherent power, exercisable under appropriate circumstances, to assure the proper and orderly administration of criminal justice," which in that case meant that the district court had the authority to order discovery beyond what applicable rules permitted. *Jackson,* 508 F.2d at 1007 (noting that "Rules are 'more regulators than creators of authority,'" quoting the trial judge in the decision below, *United States v. Jackson,* 374 F.Supp. 168, 174

(D.C.Ill.1974)). However, the discovery sought by the defendant in *Jackson* was not discovery of records or recollections of unrecorded proceedings, but a list of witnesses to be called at trial. *Id.* Thus, the circumstances in which the district court was permitted to use its "inherent power" were completely distinguishable from those presented here, which involves discovery of totally different materials at a totally different stage of the proceedings. Moreover, even accepting that this court has "inherent power, in appropriate circumstances," to order discovery beyond what is explicitly authorized by the applicable rules, the court concludes that this case does not present "appropriate circumstances" to permit discovery of the government's records and recollections of the unrecorded proceedings in this case. Rather, Rule 10(c) provides the "appropriate" procedure, and that procedure, as the court explained above, involves the government in the process, and thus provides the appellant with access to the government's summary of any records or recollections that the prosecutor might have, by requiring the government to make "objections and proposed amendments" to the appellant's initial statement, before the court ultimately "settle[s] and approv[es]" the record of the unrecorded proceedings. FED. R.APP. P. 10(c).

Therefore, Honken's Motion To Disclose, seeking on order compelling the government to produce any records that it might have concerning the unrecorded proceedings, will be denied.

■ The court turns, then, to Honken's companion motion for an extension of his deadline to file his initial Rule 10(c) statement. Honken seeks a one-month extension, from his current deadline of March 2, 2007, to April 2, 2007, to file his Rule 10(c) statement. He acknowledges that the government opposes such an extension. He asserts that he has discovered from his own and his trial attorneys' recollections that substantive matters were discussed in the unrecorded proceedings at issue here. He notes, however, that such a conclusion is in conflict with the undersigned's own statements—in a letter advising Honken that the undersigned has no notes from these proceedings—that nothing substantive was discussed. He also contends that his appellate counsel has received copious, but poorly organized files from his case from his trial attorneys, with no guidance as to where in those files to find notes concerning the pertinent proceedings. He also contends that he has attempted to discover pertinent records from the government, but the government has refused that request, which prompted the Motion To Disclose resolved above. Under these circumstances, he contends that his appellate attorneys are unable to provide effective assistance in attempting to complete a Rule 10(c) statement by March 2, 2007.

The court notes that appellate counsel has had more than a year to prepare Honken's appeal and to reconstruct any purportedly missing parts of the record and, even assuming that appellate counsel acted diligently to attempt to reconstruct the record after only discovering purportedly missing parts late last year, it is clear that appellate counsel has had at least since January to attempt to reconstruct the "missing" parts of the record. When Honken sought the court's assistance on January 24, 2007, in compelling trial counsel to assist in preparation of his Rule 10(c) statement by providing materials and information, *see* docket no. 748, he did not request expedited relief on that request in the manner required by local rules, N.D. IA. L.R. 7.1, or in any other manner. Thus, the court allowed the government a reasonable time, in excess of the time permitted by applicable local rules, to respond before ruling on that request in the absence of a response from the government.

Honken asserts that the assistance of his trial attorneys, as compelled by this court's order of February 20, 2007, has not been as complete or targeted as appellate counsel hoped, but the court finds that it is clear that appellate counsel now has whatever materials are available from trial counsel. The court is not wholly unsympathetic to the difficulties of sifting through the materials provided by trial counsel. Even so, the court believes that a further one-month delay before Honken completes even the first step in the Rule 10(c) process, by submitting his initial statement, is excessive. Moreover, there will be no delay arising from the need to obtain compelled responses from the government to Honken's discovery request, because the court denied above Honken's Motion To Disclose, which sought such responses. Also, the government must still be given the time provided in Rule 10(c) to make objections and to propose amendments to Honken's statement, and this court must still settle and approve the record of the unrecorded proceedings. Those two steps in the Rule 10(c) procedure will inevitably add to the delay in conveying the record to the appellate court. Under the circumstances, the court concludes that a ten-day extension of Honken's deadline for submission of his initial statement is quite long enough.

THEREFORE,

1. Defendant/appellant Dustin Honken's February 27, 2007, First Motion To Extend The Time To File Appellant's Statement Pursuant To F.R.A.P. 10(c) (docket no. 753) is **granted** to the extent that his **deadline** to file his initial Rule 10(c) statement is **extended** *only* **to March 12, 2007.**

2. Defendant/appellant Dustin Honken's February 27, 2007, Motion To Disclose The Government's Notes, Memoranda, And Correspondence Related To The Unrecorded Hearings At Issue In This F.R.A.P. 10(c) Proceeding (docket no. 754) is **denied in its entirety.**

**IT IS SO ORDERED.**